Mr. and Mrs. Neal SCHEXNAYDRE, Sr., Plaintiffs-Appellants,

v.

The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.

No. 74–3863.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1976.

Vincent J. Glorioso, Jr., New Orleans, La., for plaintiffs-defendants.

John J. Weigel, John V. Baus, New Orleans, La., for defendant-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Plaintiff's decedent, Neal Schexnaydre, Jr., died as a result of injuries received in a fall from a scaffold on a construction site. Young Schexnaydre's employer, the general contractor, is not a party to this suit; the sole defendant is the Travelers Insurance Company. Plaintiff asserts defendant's liability rests alternately on its position as the general contractor's negligence insurance

carrier under the Louisiana direct action statute and on Travelers' acts and omissions relative to safety inspection of the equipment, materials and working conditions maintained by its insured at the construction site, including the scaffold which collapsed.[1]

The court below directed entry of an order dismissing only the claim based on the negligent safety inspection theory. The order found that there was no just cause for delay pursuant to Fed.R.Civ.P. 54(b). The remaining issue of liability was not reached and, when Travelers gave notice of the instant appeal, the court removed the cause from its trial docket pending resolution here.

The order dismissing the safety inspection theory is not a final order within the meaning of Rule 54(b). A single plaintiff may appeal an order made final under Rule 54(b) only where multiple claims are involved. True multiplicity is not present where, as here, the plaintiff merely presents alternative theories, drawn from the law of the same sovereign, by which the same set of facts might give rise to a single liability. *See United States v. Crow, Pope & Land Enterprises, Inc.*, 474 F.2d 200 (5th Cir. 1973); *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339 (2d Cir. 1963); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2657 (1973). The district court decided only one of the grounds urged as support for a single claim against the defendant. Such a judgment is not appealable, even though the proper Rule 54(b) prerequisites for finality are found. Accordingly, the appeal is

Dismissed.

---

1. The complaint was set out in one count. See Fed.R.Civ.P. 10(b), which requires that claims founded on separate transactions and occur-
rences be stated in separate counts if it would facilitate clear presentation.