**INDIANA HARBOR BELT RAILROAD COMPANY, Plaintiff–Appellee,**

v.

**AMERICAN CYANAMID COMPANY, Defendant–Appellant.**

**Nos. 87–2252, 87–2316.**

United States Court of Appeals, Seventh Circuit.

Argued May 17, 1988.

Decided Nov. 7, 1988.

Thomas D. Allen, Ann C. Petersen, Ruth E. VanDemark, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant-appellant.

David G. Norrell, Kirkland & Ellis, Washington, D.C., amicus curiae.

Anna M. Kelly, Indiana Harbor Belt R.R. Co., Chicago, Ill., for plaintiff-appellee.

Before CUDAHY, POSNER, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Indiana Harbor Belt Railroad Company ("IHB") moved for summary judgment on one of two counts seeking recovery from American Cyanamid Company ("Cyanamid") for cleanup costs resulting from a chemical leak. The district court granted IHB's motion and entered judgment against Cyanamid. Cyanamid appeals under Federal Rule of Civil Procedure 54(b). Because we find that the requirements of Rule 54(b) have not been met, we dismiss this appeal for lack of jurisdiction.

## I.

On January 9, 1979, IHB employees discovered that a railroad tank car was leaking in IHB's Blue Island railroad yard. The tank car was owned by North American Car Corporation but was leased to Cyanamid. The car had been transported to the Blue Island yard by Missouri Pacific Railroad ("MoPac") where it was to be picked up by Consolidated Rail Corporation ("Conrail") to be delivered to Cyanamid's facility in New Jersey. Shortly after the leak was discovered, IHB employees determined that the tank car contained acrylonitrile, a chemical used extensively in the manufacture of fabrics and plastics. Acrylonitrile is toxic and very flammable. Its vapors can form explosive mixtures with air and are easily ignited. Over 3000 people were temporarily evacuated from the area surrounding the Blue Island yard. IHB employees, with the assistance of the local fire department, were able to safely stop the leak. In order to clean up the yard and reduce the concentration of acrylonitrile in the area's groundwater to within the limits established by the Illinois Environmental Protection Agency, IHB incurred approximately one million dollars in total expenses.

On April 23, 1980, IHB filed a three-count complaint in federal district court seeking to recover the cleanup costs it incurred.[1] Counts I and II sought recovery from Cyanamid. Count I asserted that Cyanamid had negligently loaded acrylonitrile into a defective tank car, had failed to properly secure the tank car openings to prevent leakage, and had failed to inspect the car before releasing it to MoPac. Count II alleged that the transportation of acrylonitrile in interstate commerce is an ultra-hazardous activity and therefore Cyanamid should be held strictly liable for the damages which resulted from this activity.

On May 22, 1980, Cyanamid moved to dismiss count II. The district court denied this motion. *Indiana Harbor Belt Railroad Co. v. American Cyanamid Co.*, 517 F.Supp. 314 (N.D.Ill.1981). Shortly thereafter, Cyanamid filed a counterclaim against IHB contending that IHB had negligently handled the tank car. Cyanamid also sought indemnification. In addition, Cyanamid filed a cross-claim against MoPac based on four theories: negligence, participation in an ultra-hazardous activity, indemnification, and contribution. Finally, Cyanamid filed a third-party complaint against North American Car Company seeking indemnification and contribution as well as damages for breach of an implied warranty of merchantability.

IHB then moved for summary judgment against Cyanamid on the strict liability theory set forth in Count II of its complaint. *See Indiana Harbor Belt Railroad Co. v.*

---

1. Jurisdiction in the district court was based on diversity of citizenship. 28 U.S.C. § 1332. The parties agree that Illinois law governs the merits of IHB's negligence and strict liability counts.

*American Cyanamid Co.*, 662 F.Supp. 635, 639 (N.D.Ill.1987) (commenting on IHB's failure to seek summary judgment on the negligence count). The court granted IHB's motion, holding that "Illinois law would impose strict liability for injuries resulting from the transportation of acrylonitrile in bulk through a Chicago residential area." *Id.* at 644. On June 29, 1987, Cyanamid filed a motion requesting that the district court certify its order on count II for immediate appeal under 28 U.S.C. § 1292(b), or alternatively, under Federal Rule of Civil Procedure 54(b).[2] The district court expressly determined that there was no just reason for delay in hearing an appeal and directed that judgment be entered against Cyanamid pursuant to Rule 54(b) for $981,022.75.

## II.

Neither party questioned our ability to hear this case under Rule 54(b), but as we have frequently pointed out, we have an independent duty to determine whether we have jurisdiction over an appeal. *See, e.g., United States General, Inc. v. Albert*, 792 F.2d 678, 680 (7th Cir.1986); *Minority Police Officers Assoc. v. City of South Bend*, 721 F.2d 197, 199 (7th Cir.1983). When an action involves multiple claims for relief, Rule 54(b) permits the district court to enter a final judgment "as to one or more but fewer than all the claims...." At oral argument we asked whether IHB's negligence and strict liability counts constituted only "one claim for relief" under Rule 54(b). If so, the district court had not entered a final judgment on one claim because IHB's negligence count still remains before the court. We requested supplemental briefing on this jurisdictional issue and the parties have complied.

Prior to the adoption of the Federal Rules of Civil Procedure, judgments issued by a court in a lawsuit involving multiple claims and/or multiple parties were generally not appealable until all claims against all parties had been resolved. *See, e.g., Collins v. Miller*, 252 U.S. 364, 370, 40 S.Ct. 347, 349, 64 L.Ed. 616 (1920) (In order to be appealable, a judgment "should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved"). When the Federal Rules were under consideration, the drafters recognized that the liberal joinder rules proposed therein would lead to more complex lawsuits and create a greater potential for injustice for litigants who had to await the conclusion of the entire litigation even though their rights on certain issues had been conclusively resolved early on. *See, e.g., Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511–12, 70 S.Ct. 322, 324–25, 94 L.Ed. 299 (1950). Rule 54(b) was adopted to meet these concerns. It provides for an immediate appeal from a judgment in the district court in certain circumstances even if other claims in the lawsuit are unresolved. As amended, the rule provides in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

In evaluating whether the district court properly certified the judgment in favor of IHB on count II under Rule 54(b), we first determine whether the judgment the court entered was final under 28 U.S.C. § 1291. *ODC Communications Corp. v. Wenruth Investments*, 826 F.2d 509, 511–12 (7th Cir.

---

**2.** 28 U.S.C. § 1292(b) permits immediate appellate review, if certain requirements are met, from an order that would not otherwise be appealable. First, the district court must make a written finding that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). Second, the party must make an application for appellate review with the court of appeals within ten days of the district court's certification. Finally, the court of appeals has discretion to decide whether to permit the appeal. These requirements have not been met in this case.

1987). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and *it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'* " *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956) (emphasis added)). We review this determination de novo. *Curtiss–Wright*, 446 U.S. at 7–8, 100 S.Ct. at 1464–65; *ODC Communications*, 826 F.2d at 512. If the judgment was final, we then determine whether the district court abused its discretion in finding that there was "no just reason for delay." *Curtiss–Wright*, 446 U.S. at 7–8, 100 S.Ct. at 1464–65.[3]

■ The critical issue in this case is the definition of the phrase "one claim for relief." The meaning of this phrase is essential to determining whether Rule 54(b) applies to a given situation. First, the action must involve multiple claims for relief. In determining whether more than one claim for relief is presented, counterclaims, cross-claims, and third-party claims are considered in addition to and in the same manner as the claims presented in the plaintiff's complaint. *Id.; ODC Communications*, 826 F.2d at 512. Cyanamid has filed all three. It has counterclaimed against IHB, cross-claimed against MoPac and named North American Car Company as a third-party defendant. Assuming that more than one claim for relief is presented, the district court is authorized to "direct the entry of a final judgment as to one or more but fewer than all of the claims...." Fed.R.Civ.P. 54(b). In other words, if two counts constitute one claim for relief for purposes of Rule 54(b), the district court must resolve both counts in order for the rule to apply; the rule does not cover a partial adjudication of a single claim, even if other claims are presented in the case. *Local P–171, Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065, 1069 (7th Cir.1981); *Rieser v. Baltimore and Ohio Railroad Co.*, 224 F.2d 198 (2nd Cir.1955); 6 Moore's Federal Practice ¶ 54.-34[1] (2d ed. 1987).[4]

■ Although the application of Rule 54(b) hinges on the definition of a "claim for relief," the Supreme Court has never conclusively defined this phrase. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 701–02 (7th Cir.), *cert. denied*, 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984). In this circuit we have interpreted the phrase in light of what we perceive to be the most important purpose behind the drafters' decision to confine the scope of Rule 54(b) to situations where one of multiple claims is fully adjudicated—"to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Jack Walters*, 737 F.2d at 702. Accordingly, we have adopted a standard which focuses on the degree of factual overlap between the issue certified for appeal and the issues remaining in the district court. "[T]wo distinct claims are but one for purposes of Rule 54(b) if they have a 'significant factual overlap.' " *Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.2d 1036, 1037 (7th Cir.1988) (quoting *National Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir.1986)); *see also FDIC v. Elefant*, 790 F.2d 661, 664 (7th Cir.1986); *Jack Walters*, 737 F.2d at 702; *A/S Apothekernes Labo-*

---

3. We have noted that there is some haziness in the standard an appellate court should apply when reviewing a Rule 54(b) certification because the "separateness" of the claims being appealed and those that remain in the district court invariably factor into both steps of the review. *See, e.g., Local P–171, Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065, 1070 (7th Cir.1981). This tension is illustrated by the Supreme Court's statements in *Curtiss–Wright Corp.*

  There are thus two aspects to the proper function of a reviewing court in Rule 54(b) cases. The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single

units. But once such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference....

446 U.S. at 10, 100 S.Ct. at 1466. Yet, in describing the factors for the district court to consider when exercising its discretion, the Court listed as one such factor "whether the claims under review were separable from the others remaining to be adjudicated...." *Id.* at 8, 100 S.Ct. at 1465.

4. Because we hold that IHB's negligence and strict liability theories constitute one claim for relief under Rule 54(b) and therefore the district court did not fully adjudicate one claim, we do not address the issue of whether multiple claims were raised in the action when Cyanamid's various claims are considered.

*ratorium For Specialpraeparater v. I.M.C. Chemical Group, Inc.,* 725 F.2d 1140, 1142–43 (7th Cir.1984); *Minority Police Officers,* 721 F.2d at 201.

> For if there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal. The gains from forcing the consolidation of appeals will therefore be small and will be outweighed by the benefits of an immediate appeal in resolving the parties' rights with respect to a part of the controversy between them. By the same token, if there is a great deal of factual overlap between the decided and the retained claims, they are not separate, and appeal must be deferred till the latter are resolved.

*Jack Walters,* 737 F.2d at 702.

Whether two counts involve a "significant factual overlap" may sometimes be difficult to determine. This case, however, does not address the outer fringes of the significant factual overlap theory, but rather lies at the core of the requirement that one of multiple claims must be fully adjudicated. Subsumed within the significant factual overlap theory is the rule that a claimant who has set forth a number of legal theories in support of only one possible recovery has stated only one claim for relief. In *Minority Police Officers,* for example, we stated that "[i]t is clear on the one hand that claims can be separate even if they have some factual overlap...., and on the other hand they cannot be separate if together they constitute a single cause of action for res judicata purposes, or if the claimant could not recover separately on each claim...." 721 F.2d at 200; *see also Local P–171,* 642 F.2d at 1070–71 ("At a minimum, claims cannot be separate unless separate recovery is possible on each"). This rule has been widely accepted by other circuits as well. *Tolson v. United States,* 732 F.2d 998, 1001 (D.C.Cir.1984); *Allegheny County Sanitary Auth. v. United States Environmental Protection Agency,* 732 F.2d 1167, 1172 (3rd Cir.1984); *McIntyre v. First National Bank of Cincinnati,* 585 F.2d 190, 192 (6th Cir.1978); *Page v. Preisser,* 585 F.2d 336, 339 (8th Cir.1978); *Schexnaydre v. Travelers Ins. Co.,* 527 F.2d 855, 856 (5th Cir.1976); *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 941 (2nd Cir.1968); *Rieser,* 224 F.2d at 199; *see also Seatrain Shipbuilding Corp. v. Shell Oil Co.,* 444 U.S. 572, 581 n. 17, 100 S.Ct. 800, 806 n. 17, 63 L.Ed.2d 36 (1980) (recognizing that separate theories can constitute a single claim for relief).

The application of this rule to the present case is at first blush straightforward. IHB sought relief in the form of damages in an amount equal to the expenses it incurred in cleaning up its Blue Island yard after the acrylonitrile leaked from the tank car. In support of its asserted right to recover these damages from Cyanamid, IHB offered two legal theories: negligence and strict liability. These theories, however, are merely different bases for a single recovery. *See, e.g., Automatic Liquid,* 852 F.2d at 1037 ("A theory is not a claim"); *Local P–171,* 642 F.2d at 1071 ("[M]ere variations of legal theory do not constitute separate claims"). For as IHB itself emphasizes, recovery under the strict liability theory fully satisfies its claim for relief, because "there can only be one recovery by a plaintiff on its claim no matter how many counts are stated in the alternative in the complaint." Appellee's Supp. Br. at 3.

The present dispute is, however, possibly distinguishable from the prior precedent in this area. A substantial majority of those cases involved parties who were attempting to appeal from judgments dismissing one or more counts which the appellate courts determined to be merely alternative theories to the counts which remained unresolved in the district court. *See, e.g., Tolson,* 732 F.2d at 998; *Allegheny County,* 732 F.2d at 1167; *Schexnaydre,* 527 F.2d at 855; *Campbell,* 403 F.2d at 939. In contrast, IHB's strict liability count was not dismissed. Rather, the district court entered a judgment in IHB's favor on that count without ruling on the negligence issue.

▮ As discussed, the purpose of Rule 54(b) is to balance the competing policies of permitting accelerated review of certain judgments with the desire to avoid the waste in appellate resources which can accompany piecemeal review. *Local P–171,* 642 F.2d at 1070. It can be argued that permitting an immediate appeal from judgments in favor of the plaintiff entitling him or her to the requested relief on one of alternative theories, in contrast to the dismissal of one of these theories, more properly balances the burdens imposed on the appellate courts from multiple appeals with those incurred by the district court when an immediate appeal is unavailable. For example, if we were to affirm the district court's judgment on the strict liability

count, a trial on the negligence issues might be avoided. The possibility of this savings might be seen as justifying the risk of a possible second appeal that could occur if we were to reverse the district court's decision on the merits of the strict liability issue and then later be confronted with an appeal related to the negligence claim. In addition, this exact problem does not arise when a party appeals from the dismissal of one of many different counts. In that situation, courts have reasoned that the rule prohibiting an immediate appeal is sound because the party attempting to appeal may still be awarded relief on one or more of the counts which were not dismissed, and if so, an appeal on the dismissed counts would be unnecessary. *See, e.g., Preisser,* 585 F.2d at 339.

What underlies the rule that different legal characterizations of the same facts constitute only one claim for relief, however, is the recognition that it will be an uncommon case where summary judgment in favor of the plaintiff is possible on one theory, but not on the alternative theories. *Apothekernes,* 725 F.2d at 1143; *cf. Tolson,* 732 F.2d at 1001. In contrast, the duplicative work for the court of appeals arising from successive appeals in these circumstances would be substantial. *Apothekernes,* 725 F.2d at 1143. In this case, for example, one of the factors for evaluating if an activity is ultra-hazardous is whether the accident could have been prevented by the exercise of reasonable care. *See Restatement (Second) of Torts* § 520(c); *Continental Bldg. Corp. v. Union Oil Co.,* 152 Ill.App.3d 513, 105 Ill.Dec. 502, 505, 504 N.E.2d 787, 790 (1987). There will generally be a substantial overlap in the evidence related to this issue and the evidence that will be pertinent in deciding whether a party was negligent, which also looks at whether reasonable care was used. We of course express no view on the merits of this issue, but rather only point out that if this is a case where summary judgment in favor of the plaintiff is possible on the strict liability theory, but not on the negligence theory, it does not in our view justify adopting an exception to the general rule that mere alternative legal theories constitute only one claim for relief for purposes of Rule 54(b).

We also note that this lack of precision is inherent in Rule 54(b). This is illustrated by the accepted principle that an appeal from a judgment dismissing one of multiple counts is prohibited. Because the dismissal is not immediately appealable, the case may proceed to trial on the remaining issues. If the plaintiff does not prevail at trial, but then appeals the dismissed count and is successful, the possibility of a new trial on this count is raised. In the typical case, assuming perfect information was available at the outset, it would be more efficient to allow an immediate appeal of the dismissal followed by one consolidated trial, rather than one appeal sandwiched between two trials. Despite the existence of this possibility, there is no exception to the general rule which attempts to alleviate this hardship.

Finally, and perhaps most importantly, Rule 54(b) speaks in terms of directing "the entry of a final judgment as to one or more but fewer than all of the claims." This language does not distinguish between the types of final judgments that are rendered. Given this language, it is unclear how IHB's strict liability and negligence counts, which under existing authority would be "one claim for relief" if the strict liability count was dismissed, can be multiple claims when a judgment is entered in IHB's favor on the very same count. We therefore dismiss this appeal for lack of jurisdiction.[5]

CUDAHY, Circuit Judge, dissenting:

The majority here asserts a novel and startling conclusion—that although plaintiff has won decisively on one theory, all other possible theories supporting its claim must be pursued to conclusion in the district court before judgment is appealable under Rule 54(b). What the majority seems to ignore here is the basic proposition that to "win" a plaintiff need prevail on only one theory, while to "win" a defendant must prevail on all the theories proposed by the plaintiff. I agree that what we have here is one "claim" of IHB against Cyanamid based on two theories— strict liability and negligence. Had IHB lost on its strict liability theory, that loss would not have been appealable, because the remaining negligence theory would have afforded a completely viable opportunity for plaintiff to achieve full vindication of its claim. However, I do not agree that IHB, once it has prevailed on its strict liability theory and received a money judg-

---

**5.** IHB also asserts that Rule 54(b) authorizes an immediate appeal from the district court's judgment because if affirmed, the judgment resolves all the issues involving IHB and would end its participation as a party to the lawsuit. We reject this argument because Cyanamid's counterclaim against IHB is still pending.

ment for its claimed damages, has any further claim—or part of a claim—against Cyanamid. Because IHB won on its strict liability theory, its negligence theory is moot, unless and until the district court's ruling is reversed.

The majority here has cited not a single case in which a plaintiff won all that was sought on summary judgment (with judgment entered to that effect), but was held not to have a final judgment for Rule 54 purposes.[1] Clearly, under the cases cited by the majority, if IHB had *lost* on its strict liability theory, there would be nothing final about that determination, and the parties would move on to litigate negligence. However, what we are ordering here, it seems, is that a plaintiff, having *won* all he asks on a summary judgment, must go on to prosecute on all his other theories—presumably to confer finality on his "claim."[2]

1. In many of the Seventh Circuit cases cited by the majority, plaintiffs had *lost* on one or more theories, but had remaining to them alternate theories on which relief could be sought. *A/S Apothekernes Laboratorium for Specialpraeparater v. I.M.C. Chemical Group, Inc.,* 725 F.2d 1140 (7th Cir.1984) (summary judgment for *defendant* on three of plaintiff's five theories not appealable); *Minority Police Officers Ass'n v. City of South Bend,* 721 F.2d 197 (7th Cir.1983) (summary judgment for *defendant* on time-barred discrimination claims and on class certification not appealable while rest of discrimination claim remained undecided in district court). In *ODC Communications Corp. v. Wenruth Investments,* 826 F.2d 509 (7th Cir.1987), cited by the majority, the plaintiff won a partial summary judgment on its claim seeking pre-judgment possession of the property in question, but the appellate court specifically noted that the trial court had not finally decided the issue of ownership and permanent possession. Thus plaintiff had not won all it sought on the "ownership" issue.

Several other Seventh Circuit cases involve appeals on claims for which counterclaims, directly attacking the foundations of the successful claims, still remained for disposition. *See Automatic Liquid Packaging, Inc. v. Dominik,* 852 F.2d 1036 (7th Cir.1988) (Count I of counterclaim asserts "same claim" as complaint; no appeal while counterclaim still pending); *In re Berke,* 837 F.2d 293 (7th Cir.1988) (summary judgment for debtor on request for payment for services not appealable before resolution of city's counterclaim alleging debtor's claims to be fraudulent; *but see American Family Mut. Ins. Co. v. Jones,* 739 F.2d 1259 (7th Cir.1984) (where summary judgment for plaintiff effectively disposes of defendants' counterclaim, appellate court will grant review; however, use of Rule 54(b) in this case "unnecessary"). Although Cyanamid has a counterclaim pending, it sounds in negligence, and thus does not attack the district court's holding on strict liability; a finding that IHB had been negligent would not affect a recovery based on strict liability. Appendix of Appellant at 40. Further, the factual inquiry required for a finding of negligence clearly differs from that required for a finding of strict liability, for which inquiry into fault and the causal details behind the accident were unnecessary. *Cf. Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698 (7th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984) (special master and district judge could have—but did not—reach territorial exclusivity issue in deciding appealed charges, but must reach issue to decide remaining charge; appeal allowed).

There is a third-party complaint remaining, but it does not impede appeal under 54(b) because it involves a distinct party. *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661 (7th Cir.1986); *National Metalcrafters v. McNeil,* 784 F.2d 817 (7th Cir.1986); *Walker v. Maccabees Mut. Life Ins. Co.,* 753 F.2d 599 (7th Cir.1985). Thus, in no Seventh Circuit case cited was review denied where plaintiff won full vindication on one theory of a multi-theory claim, with no pending counterclaims that would call that victory into question.

This is also true of the cases from other circuits cited by the majority. *Tolson v. United States,* 732 F.2d 998 (D.C.Cir.1984) (dismissal of one of plaintiff's theories not appealable while two viable theories remained); *Allegheny County Sanitary Auth. v. United States Environmental Protection Agency,* 732 F.2d 1167 (3d Cir.1984) (dismissal of one of plaintiff's theories against federal officials not appealable under 54(b) while two other grounds for relief remained); *McIntyre v. First Nat'l Bank of Cincinnati,* 585 F.2d 190 (6th Cir.1978) (district court judgment for *defendant* on federal portion of single count not appealable while state law portion remained); *Page v. Preisser,* 585 F.2d 336 (8th Cir.1978) (district court should not grant separate summary judgment for defendant on each of two issues when they constitute a single claim); *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939 (2d Cir.1968) (order dismissing two of three causes of action as to seven of ten defendants satisfies Rule 54(b) multiple claim requirement, but fails on "no just reason for delay" requirement); *Rieser v. Baltimore and Ohio R.R. Co.,* 224 F.2d 198 (2d Cir.1955) (district court dismissal of time-barred claims appealable though timely claims remained).

2. The dubious procedural posture of the case at this point is underscored by an examination of what should happen next. Why, for example, should the plaintiff want to pursue these alternative theories when it has won all it sought and had judgment entered in its favor? The only plausible reason would be to confer finality on its claim since lack of finality presumably prevents collection of its judgment.

A plaintiff in this situation could, of course, elect to abandon its other theories to confer

There may be scenarios under which such an approach might relieve some burdens on appellate judges. However, it seems more likely to impose totally redundant and indefensible burdens on appellate and trial courts alike, which will have to pursue consideration of multiple theories in the many cases where one would suffice. It effectively requires the plaintiff to fire additional bullets into the corpse of a defendant he has already killed.

I therefore respectfully dissent.

finality on the result, but this might require it to risk losing valid claims altogether if the district court decision is not affirmed on appeal because in some cases the plaintiff may be barred by res judicata from subsequently raising alternative theories not raised in the original action. Even in cases in which this could be avoided, the plaintiff and district court would then have to go through the needlessly cumbersome process of reinstating portions of the original complaint, a result unlikely to promote the goal of judicial efficiency.

The defendant, on the other hand, is placed in the odd position of having to push forward to achieve resolution of the *plaintiff's* alternative theories in order to appeal an adverse decision that if affirmed would fully settle the issue.

Finally, consider the stance of this case if the plaintiff's original complaint had been the only claim involved—or if, upon remand, all the remaining claims were disposed of without additional consideration of the plaintiff's negligence count. (As a practical matter, that is unlikely to occur in *this* case because Cyanamid's cross and counterclaims against IHB both raise negligence issues. But the content of the outstanding claims in this case should not govern our treatment of the procedural problem here.) If the outstanding cross, counter and third-party claims were resolved, the defendant could presumably appeal the district court's ruling on strict liability without any further action on the negligence count—because in that case there would be no need for Rule 54(b) certification. The single claim involved in this appeal would be deemed finally decided as it stands, even with the negligence count unresolved, if the outstanding cross, counter or third-party claims were disposed of. The same would not be true if the district court had granted summary judgment for the *defendant* on the strict liability count. It is unclear what practical justification the majority finds for applying so different a standard for finality *within a single claim* under Rule 54(b); the key difference should be in determining finality as between unarguably distinct claims. Neither the rationale behind the rule nor any related case law supports the new standard announced here for determination of finality within single claims.