William E. THERIOT III, Plaintiff,

v.

**TRUMBULL RIVER SERVICES, INC., Defendant.**

No. 91–1283.

United States District Court, C.D. Illinois.

Oct. 26, 1993.

---

James L. Farina, Hoey & Farina, Chicago, IL and Dan C. Garner, Garner & Munoz, New Orleans, LA, for plaintiff.

W.J. Larzelere, Jr., T. Justin Simpson, Leininger Larzelere & Picou, Metairie, LA, William R. Kohlhase, Miller Hall & Triggs, Peoria, IL and Michael A. Snyder, Ray Robinson Carle Davies & Snyder, Chicago, IL, for defendant.

### ORDER

McDADE, District Judge.

Before the Court is Plaintiff's Motion For Judgment Under Rule 54(b). Although one defendant remains in the case, Plaintiff desires that the Court enter final judgment pursuant to Rule 54(b) as to two defendants, United States Fire Insurance Co. and Captain James Sprinkle, Inc., previously dismissed from this case.[1] Plaintiff has filed a memorandum and a supplemental memorandum in support of his motion. Defendants United States Fire Insurance Co. and Cap-

tain James Sprinkle, Inc. (hereinafter "the Defendants") have filed a memorandum in opposition to Plaintiff's motion as well as a response to Plaintiff's supplemental memorandum.

Plaintiff argues in his first memorandum in support of his Rule 54(b) motion that justice and judicial economy favor the granting of his motion. Plaintiff, however, in his supplemental memorandum states that he has a statutory right pursuant to 28 U.S.C. § 1292(a)(3) to an appeal from the Court's interlocutory orders dismissing the Defendants. Since Plaintiff argues for an appeal as a matter of right under 28 U.S.C. § 1292(a)(3) and since a Rule 54(b) certification is not a prerequisite to an appeal under this statutory section,[2] the Court shall first address this aspect of Plaintiff's motion.

The statutory section Plaintiff invokes as the basis for his appeal as a matter of right, 28 U.S.C. § 1292(a)(3), involves interlocutory decrees issued by district courts in admiralty cases. The statutory section reads in pertinent part:

### § 1292. Interlocutory decisions.

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

Plaintiff claims that he has met the requirements of § 1292(a)(3) because his action was brought, at least partially, in admiralty and the interlocutory orders dismissing the Defendants from the case were final decisions as to the Defendants. In their response to Plaintiff's claim that § 1292(a)(3) affords him an appeal as a matter of right, the Defendants contend that this is not an admiralty case within the meaning of statute, that the interlocutory orders dismissing them

---

1. Defendants United States Fire Insurance Company and Captain James Sprinkle, Inc. were dismissed from this case on August 3, 1992 and April 8, 1993, respectively.

2. *Seattle First Ntl. Bank v. Bluewater Partnership,* 772 F.2d 565 (9th Cir.1985) and *Gulf Towing Co., Inc. v. The Steam Tanker, Amoco New York,* 648 F.2d 242, 244 (5th Cir.1981).

from the case did not determine all the rights and liabilities among all the parties as required by the statute, and that Plaintiff's appeal is not timely. Since it is the threshold issue, the timeliness of Plaintiff's appeal under § 1292(a)(3) shall be considered first by the Court.

■ Plaintiff's contention that the Court's orders dismissing the Defendants from the present case are appealable as a matter of right is subject to the time limitations for filing such an appeal as contained in 28 U.S.C. § 2107(a)[3] and Rule 4(a)(1) of the Federal Rules of Appellate Procedure.[4] In both § 2107 and Rule 4(a)(1), a party desiring to appeal an order in an admiralty case, subject to exceptions not applicable in this case, must do so within 30 days.[5] *Stoot v. D & D Catering Services, Inc.*, 851 F.2d 1514 (5th Cir.1988); *In Re White Cloud Charter Boat Co., Inc.*, 813 F.2d 1513 (9th Cir.1987); *Feeder Line Towing Serv., Inc. v. Toledo, Peoria & Western R.R. Co.*, 539 F.2d 1107 (7th Cir.1976). Plaintiff has not filed a notice of appeal with either this Court or the Court of Appeals for the Seventh Circuit. However, even if the Court were to construe Plaintiff's supplemental memorandum in support of his Rule 54(b) motion filed August 24, 1993 as a notice of appeal, Plaintiff's notice of appeal would still be untimely.

■ The Order dismissing Defendant United States Fire Insurance Co. from the present case was filed on August 3, 1992—385 days prior to the date of the filing of Plaintiff's supplemental memorandum. The Order dismissing Defendant Captain James Sprinkle, Inc. was filed on April 8, 1993—137 days prior to the date of the filing of Plain-

tiff's supplemental memorandum. Therefore, even if Plaintiff could appeal the orders dismissing the Defendants as a matter of right pursuant to 28 U.S.C. § 1292(a)(3), the Court of Appeals for the Seventh Circuit cannot exercise jurisdiction over Plaintiff's appeal because a notice of appeals was not timely filed. *Curacao Drydock Co. v. M/V Akritas*, 710 F.2d 204 (5th Cir.1983). Since an appeal as a matter of right pursuant to § 1292(a)(3) would be untimely in this case, the Court need not decide whether or not Plaintiff could avail himself of the statute in the first place. As such, the Court shall now consider Plaintiff's Motion For Judgment Under Rule 54(b).

■ Plaintiff, in his Memorandum In Support Of Motion For Judgment Under Rule 54(b), contends that the interests of justice and judicial economy would be served if the Court were to grant Plaintiff's motion under Rule 54(b). Rule 54(b) of the Federal Rules of Civil Procedure reads in pertinent part:

> **(b) Judgment Upon Multiple Claims or Involving Multiple parties.** When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

By its terms, Rule 54(b) sets forth three requirements for its application: first, that the action involve multiple parties or claims for relief; second, that the order sought to be certified finally decided the rights and

---

3. The statute 28 U.S.C. § 2107 reads in pertinent part:

> **§ 2107. Time for appeal to court of appeals**
> (a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice is filed, within thirty days after the entry of such judgment, order or decree.

4. Rule 4(a)(1) reads in pertinent part:

> **Rule 4. Appeal as of Right—When Taken**
> (a) Appeals in Civil Cases.

> (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....

5. Although § 2107 and Rule 4(a)(1) once conflicted as to the applicable length of time in which an appeal in an admiralty case must be filed, this conflict has been resolved by amendments to § 2107. *See* Pub.L. 102–198 (striking out the paragraph which required filing of notice of appeal in 90 days in proceeding in admiralty).

liabilities of a party and; third, the determination by the district court that no just reason exists for delaying the appeal. *Local P–171 v. Thompson Farms Co.,* 642 F.2d 1065, 1069–1072 (7th Cir.1981); 10 Wright, Miller & Kane *Federal Practice and Procedure: Civil 2d* § 2656, at 47–55 (1983). The first two determinations, multiplicity and finality, are non-discretionary criteria. *Local P–171* at 1069. The third determination, no just reason for delay, is discretionary. *Id.* at 1071. The Court shall consider each requirement of Rule 54(b) in turn.

■ The first requirement of Rule 54(b), multiplicity, is clearly met in this case. This action indisputably involves multiple parties. The second requirement of Rule 54(b), that the order completely resolves all claims against a particular party, is also met in this case. The Court's orders dismissing the Defendants disposed of all claims against them. *U.S. v. Ettrick Wood Products, Inc.,* 916 F.2d 1211 (7th Cir.1990). The third requirement, no just reason for delay, requires greater discussion.

The determination of whether there is no just reason for delay is discretionary and requires the Court to balance the competing policies of permitting accelerated review of certain judgments with the desire to avoid the waste in appellate resources which may accompany piecemeal litigation. *Local P–171,* 642 F.2d at 1070–71; *Indiana Harbor Belt R. Co. v. American Cyanamid,* 860 F.2d 1441, 1445 (7th Cir.1988). Having weighed the competing interests of the judicial system and the parties in this case, the Court concludes that the scales tip in favor of allowing accelerated review.

Rule 54(b) was adopted to address the potential for injustice created when a litigant in a complex lawsuit had his rights on certain issues conclusively resolved at an early stage of the litigation process, but was not allowed to appeal the court's decision as to his rights until the case as a whole was concluded. *American Cyanamid* at 1443. That is precisely the situation in this case. Defendants were dismissed at an early point in this case based upon the finding by the Court that Plaintiff had not joined Defendants as defendants within the period prescribed by the applicable statute of limitations. Given the interplay between each defendant and plaintiff in a case involving the allegations of negligence and failure to provide a safe place to work, the issues which are central to this case would be most efficiently and justly decided if all parties properly and timely joined were to participate in a single trial rather than a series of fragmented proceedings. In addition, Plaintiff and the remaining defendant in the case have agreed to continue with the discovery process during Plaintiff's appeal of the Defendants dismissal. Since the Defendants were dismissed early in the case and the discovery process will continue during the appeal, the case could well be decided as a whole without major delay should the Court's decision as to the Defendants dismissal be reversed. Thus, the specter of piecemeal litigation is minimized in this case. Accordingly, the Court explicitly determines that there is no just reason for delaying the entry of judgment as to the Defendants and the Clerk is directed to enter final judgment in favor of the Defendants and against Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Judgment Under Rule 54(b) [Doc. # 47] is **GRANTED**. This matter is referred back to the Magistrate Judge for further proceedings.