William ADAMS a/k/a Gordon Keith, et al., Plaintiffs,

v.

Michael JACKSON, et al., Defendants

No. 2:97 CV 141.

United States District Court, N.D. Indiana, Hammond Division.

July 19, 2002.

---

Norman L. Reed, Reed & Smith, Gerald W. Roberts, Indiano Vaughan & Roberts, Indianapolis, IN, for Plaintiffs.

P. Stephen Fardy, Angela R. Karras, Robert J. Meyer, Swanson Martin and

Bell, Chicago, IL, Grover B. Davis, McClure McClure and Kammen, Indianapolis, IN, for Defendants.

### ORDER

MOODY, District Judge.

Plaintiffs bring this action alleging a claim of "reverse passing off," which occurs when one misrepresents as his own someone else's work or product. In the complaint, plaintiffs Steeltown Records, William Adams (a/k/a/Gordon Keith) and Elvy Woodard allege that Adams and Woodard hold valid copyrights on two musical compositions, "Let Me Carry Your Schoolbooks" and "I Never Had a Girl," which Woodard, as part of a group called the "Ripples and Waves," performed and recorded for Steeltown Records sometime prior to February 15, 1972. Plaintiffs claim that in 1996 defendants manufactured and sold a compact disc entitled "The Jackson 5—Pre–History: The Lost Steeltown Recordings" ("the CD") containing those two recorded performances "passed off" as newly-discovered early recordings of the famous Jackson 5 musical group. Plaintiffs allege defendants continue to sell the CD despite plaintiffs' demands to cease.

Plaintiffs claim that defendants, by passing off plaintiffs' performances as being those of the Jackson 5, have infringed plaintiffs' rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1125, and committed the Indiana tort of conversion. Defendant Michael Jackson ("Jackson") moves to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(2) & (6) for lack of personal jurisdiction and for failure to state a claim. In addition, Jackson has filed a "Motion to Strike Plaintiffs Ivan Woodard and Gordon Hagen From This Lawsuit," to which no response has been filed.

### PERSONAL JURISDICTION

■ Before discussing the merits of Jackson's motion to dismiss the complaint, the court must address an initial matter: whether Jackson has waived the defense of lack of personal jurisdiction. Jackson filed a motion raising his RULE 12(b)(6) failure-to-state-a-claim defense on January 2, 2002. He raised his RULE 12(b)(2) personal-jurisdiction defense in motion filed on March 8, 2002, captioned as a "motion to supplement" the 12(b)(6) motion As plaintiffs quickly pointed out, under those circumstances RULE 12(h)(1) provides that the defense is waived: "A defense of lack of jurisdiction over the person ... is waived ... if omitted from a motion in the circumstances described in subdivision (g) ...." Subdivision (g) of RULE 12 generally requires all RULE 12 defenses available to be consolidated in one motion.

Jackson responds that an exception to waiver exists when, as here, the initial RULE 12 motion is supplemented before the court has addressed its merits and plaintiff is given adequate opportunity to respond. *Cross v. Simons,* 729 F.Supp. 588, 590 n. 1 (N.D.Ill.1989). Other cases reject such an exception, interpreting RULE 12(h)(1) strictly to mean exactly what it says. *Club Assistance Program, Inc. v. Zukerman,* 594 F.Supp. 341, 343–44 (N.D.Ill.1984). No Seventh Circuit case answers the question, but dicta can be found recognizing both approaches. *See Frietsch v. Refco, Inc.,* 56 F.3d 825, 830 (1995) (describing party's attempt to "escape the clutches" of Rule 12(h)(1)); *Rice v. Nova Biomedical Corp.,* 38 F.3d 909, 914 (7th Cir.1994) ("defendant must challenge personal jurisdiction at the earliest opportunity, on pain of forfeiture if he fails to do so"); *O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1399 n. 3 (7th Cir.1993) ("Rule 12(h)(1) *mandates* that '[a] defense of lack of jurisdiction over

the person, ... insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g)....)'" (emphasis added); *but see Federal Deposit Ins. Corp. v. Hartford Ins. Co. of Illinois,* 877 F.2d 590, 591 (7th Cir.1989) ("Although the initial motion did not mention venue, the United States supplemented its contentions before the district court took up the matter and so avoided forfeiting the venue point under Fed.R.Civ.P. 12(h)(1)").

In the present case, plaintiffs requested two extensions of time to respond to Jackson's original motion to dismiss, and finally did so on March 21, 2002. Jackson filed his "motion to supplement" on March 8, 2002, thus raising the personal jurisdiction issue not only prior to the court considering his motion, but in addition nearly two weeks before plaintiffs had even responded to it. Plaintiffs then took a month to respond to the motion to supplement, filing their response (after receiving an extension of time) on May 7, 2002. Under such circumstances, allowing Jackson to amend his motion to include a potentially-waived defense would do little or no harm to the purpose for RULE 12(h)(1)'s waiver rule, which is to eliminate delays in the early stages of a suit by consolidating all RULE 12 defenses in one motion. *See Manchester Knitted Fashions v. Amalgamated,* 967 F.2d 688, 691 (1st Cir.1992) (citing cases).

The court will follow *Cross* and the dicta in *Federal Deposit Ins. Corp.,* and allow Jackson to supplement his motion to dismiss to raise the issue of personal jurisdiction. Raising the issue of course does not guaranty success. The crux of Jackson's claim that jurisdiction over his person is absent is that plaintiffs have "failed to plead sufficient facts to establish jurisdiction over [him]." Motion, docket # 77 at

¶ 2.[1] Relying on a 24-year-old case from the Southern District of Indiana, *Oddi v. Mariner–Denver, Inc.,* 461 F.Supp. 306, 308 (S.D.Ind.1978), Jackson asserts that "[w]hen a plaintiff is looking to bring a defendant into court under the forum long-arm statute, he or she must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." Memorandum, docket # 78 at 1.

■ The *Oddi* case no longer (if it ever did) states the correct rule of law in this circuit. Consistent with the liberalities of notice pleading, there is no requirement that a complaint include facts conclusively establishing the existence of personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 715 (7th Cir. 1998). Once a defendant challenges the existence of personal jurisdiction by filing a motion to dismiss, the plaintiff must make a prima facie showing of the court's personal jurisdiction, by either identifying sufficient factual allegations in the complaint or using RULE 56–type materials such as affidavits or deposition testimony. *Id.*

■ Jackson admits that Indiana's long-arm statute, Ind. Trial Rule 4.4, is intended to extend personal jurisdiction to the boundaries permitted by due process, and incorporates the concepts of both general and limited personal jurisdiction. *See Reed v. International Union of United Automobile, Aerospace, & Agricultural Implement Workers of America,* 945 F.2d 198, 201 (7th Cir.1991). Jackson argues that plaintiffs' complaint fails to plead sufficient facts showing either that he has regular and continuous contacts with Indiana creating general jurisdiction, or minimal contacts related to the injuries

---

1. Because the parties in this case have given their filings rather lengthy titles, the court will simply refer to "motion" or "memoran-dum" followed by the clerk's docket entry number.

alleged in the present suit as necessary to allow the exercise of limited personal jurisdiction. Specifically, Jackson argues that the "complaint does not allege how the Defendant purposefully established contact with Indiana, was involved in the reproduction of the songs, or initiated contact with Indiana giving rise to this cause of action." Memorandum, docket # 78 at 3. Jackson's motion is not accompanied by an affidavit or any other evidentiary materials demonstrating that Jackson has neither contacts with Indiana nor involvement with the production of the CD.

In other words, the substance of Jackson's argument is a pure attack on the form of the complaint—plaintiffs' failure to plead evidentiary facts establishing jurisdiction—a pleading requirement which, as noted above, does not exist. Even were that not the case, paragraph 7 of plaintiffs' complaint alleges that Jackson (and the other named defendants) have distributed the CD in the Northern District of Indiana. Because this amounts to an allegation that Jackson has caused injury in Indiana, this is a sufficient factual allegation to make a prima facie showing of the existence of personal jurisdiction. *Cf. Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Limited Partnership*, 34 F.3d 410, 413 (7th Cir.1994).

In his reply memorandum, Jackson attempts to disprove this allegation by making an evidentiary showing that he had nothing to do with the manufacture or sale of the CD. Jackson states that "it is a[sic] undisputed fact that defendant [Jackson] has not profited in any way from the release of the alleged infringing CD." Memorandum, docket # 88 at 4. Jackson's evidence of this fact is a letter dated June 27, 1997, written by a Los Angeles law firm representing him[2] to the attorney who

initially filed plaintiff's complaint. Memorandum, docket # 88 ex. 2. That letter advises that Jackson never approved or participated in the release of the CD, and that he has no financial interest therein. The letter quotes earlier letters written by the same Los Angeles firm to defendants Ben Brown and Inverted Records. In a nutshell, those letters informed those defendants that Jackson did not intend to become involved in any way with the CD, objected to any use of his name, image or trademarks in connection therewith, and warned that he would expect to be indemnified should he incur any liability in connection with the CD.

■ There are a number of problems with this evidentiary showing, not the least of which is the "sandbagging" aspect of Jackson having waited until his reply memorandum to provide any evidentiary support, effectively waiving the point. *See Geist v. Martin*, 675 F.2d 859, 862 (7th Cir.1982) (plaintiff failed to carry burden on jurisdiction issue by failing to answer affidavits provided by defendants in support of motion); *Battenfeld of America Holding Co., Inc. v. Baird Kurtz & Dobson*, 45 F.Supp.2d 1109, 1113 (D.Kan.1999) (defendant *properly* challenges personal jurisdiction by producing evidence, thereby requiring complaining party to produce evidence supporting allegations of complaint); *Wesleyan Pension Fund, Inc. v. First Albany Corp.*, 964 F.Supp. 1255, 1275 (S.D.Ind.1997) ("Arguments raised for the first time in a reply brief are waived.")

In addition, Jackson's attempt to show that the court lacks personal jurisdiction is a conundrum. Essentially, Jackson's claim is that personal jurisdiction is absent because the suit has no merit; there is no truth to plaintiffs' allegation that he, as

---

**2.** That firm is not the firm currently representing Jackson in this suit, so no attorney/witness conflict issue exists.

one of the defendants, has some involvement with the manufacture of the CD and its promotion and sale in the Northern District of Indiana. Conflating the issue of jurisdiction with the overall merits in this manner creates problems, in that an evidentiary hearing on jurisdiction would be duplicative of a trial on the merits and would likely preclude jury determination of an ultimate fact. *Stauffacher v. Bennett,* 969 F.2d 455, 459 (7th Cir.1992); *see Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 146–47 (1st Cir. 1995).

■ The court can put aside this thorny issue as well as Jackson's waiver, however, because letters written by Jackson's attorneys can't carry the day. In addition to the obvious hearsay problem, the letters simply do not prove that Jackson had no involvement with the CD. Because Jackson could have taken actions of which his attorneys have no knowledge (or actions after the date the letters were written), it is impossible for Jackson's attorneys to have personal knowledge that Jackson has no involvement with the CD. Jackson himself is mum on the subject, and in the absence of his affidavit disclaiming any involvement, the allegation in plaintiffs' complaint that Jackson participated in the manufacture and distribution of the CD in Indiana must be accepted as true. *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987); *see Pytlik v. Professional Resources, Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989). The complaint will not be dismissed on the basis

that the court lacks personal jurisdiction over Jackson.

## FAILURE TO STATE A CLAIM

■ Having determined that plaintiffs have made a prima facie showing that personal jurisdiction exists, the court considers the merits of Jackson's motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). Jackson argues that the complaint fails to state a claim for three reasons.[3]

■ First, Jackson cites 17 U.S.C. § 411(a), which states that an action for copyright infringement cannot be filed until the copyright is registered in accordance with other provisions of Title 17. Jackson argues that "[b]ecause the Plaintiffs have not attached a copy of a valid federal registration to their complaint or provided any evidence of such registration, the case must be dismissed for failure to comply with the requirements of section 411(a) of the Copyright Act." Memorandum, docket # 71 at 3.

This argument is groundless to the point of being sanctionable, again ignoring that the FEDERAL RULES OF CIVIL PROCEDURE allow notice pleading, and do not require fact pleading:

> [F']ederal courts have notice-pleading, not fact-pleading, requirements. As this court has stated recently, "[i]n contrast [to fact-pleading], the federal rules follow the notice pleading approach, requiring only a 'short and plain statement of the claim showing that the pleader is

---

**3.** A fourth reason, that plaintiffs' state law conversion claims are preempted, need not be discussed because plaintiffs agree in their response that those claims should be dismissed. The court treats this as a voluntary dismissal—with prejudice, since the suit was voluntarily dismissed once before—of those claims. A fifth reason, that the court lacks subject-matter jurisdiction because plaintiffs have not pleaded valid federal claims (which assumes that Jackson's other arguments for dismissal

have merit) is simply ridiculous. Subject-matter jurisdiction refers to the court's constitutional or statutory power to determine the merits of a case. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). This court has the power to hear and determine alleged violations of federal statutes, whether or not a complaint adequately pleads violations of those statutes.

entitled to relief.' Rule 8(a)(2). *The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process.*" [emphasis added in source]. Indeed, under the liberal notice pleading requirements of the federal rules, "[a]ll that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." Furthermore, the claim must be sustained "if any facts that might be established within those allegations would permit a judgment for the plaintiff."

*Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999) (citations omitted).

Plaintiffs' complaint pleads that plaintiffs Woodard and Adams registered copyrights in the two contested works with the United States Copyright Office on August 19, 1971, obtaining registration numbers EU272901 and EU272902. Complaint ¶ 4. Jackson has not cited any statute or rule that requires, in addition to this allegation, that a reproduction of the copyright registration be attached to the complaint, and the court is aware of none. As a result, the complaint adequately pleads a violation of the Copyright Act pursuant to 17 U.S.C. § 501 and will not be dismissed.

██ Jackson's second argument is that plaintiffs' invocation of the Lanham Act should be dismissed because plaintiffs' invocation of the Copyright Act makes the Lanham Act "claim"[4] redundant of the Copyright Act allegations.[5] As relevant here, the Lanham Act prohibits false or misleading representations of fact which are likely to cause confusion or mistake as to the sponsorship or origin of goods or services. 15 U.S.C. § 1125(a). Jackson relies on several decisions, none of which are binding on this court, which reason that because copyright infringement necessarily involves misrepresentation of the ownership of a work, also pleading the same facts as a reverse-passing-off claim violating the Lanham Act's is redundant, and barred by the Copyright Act's exclusive remedy provision, 17 U.S.C. § 301, unless some additional affirmative act of misrepresentation is pleaded.[6] *See, e.g.,*

4. As Jackson points out, other than naming a different statute and mentioning the existence of registered copyrights, the complaint's Lanham Act and Copyright Act allegations are virtually identical. Yet Jackson refers to the complaint as pleading a Lanham Act "claim" and a Copyright Act "claim." In fact, the complaint pleads only one claim, because different legal theories based on the same facts do not constitute separate claims. *NAACP v. American Family Mutual Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1992) ("One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate"). It is unclear what it would mean to "dismiss" a legal theory. If, as Jackson claims, the Lanham Act "claim" is redundant, the proper procedural vehicle would appear to be a motion to strike pursuant to FED. R. CIV. P. 12(f).

5. This is the court's best attempt at a terse explanation of Jackson's argument. On the one hand, Jackson states that "Plaintiffs' claims under both the Lanham Act and the Copyright Act are not compatible and cannot be harmonized." Memorandum, docket # 71 at 4, but two paragraphs later Jackson argues that "Plaintiffs' claims under the Lanham Act are mere restatements of their copyright claim." *Id.* at 5. Jackson concludes his argument by stating that "Plaintiffs' Lanham Act claim is redundant and unnecessary...." *Id.* at 8. In the court's view, if claims (actually, legal theories, see n. 4 above) are incompatible then they cannot at the same time be redundant restatements.

6. Of course, if an additional affirmative act of misrepresentation is involved, this factual difference could make the Lanham Act allegations a true separate claim, not merely an alternative legal theory, although only signifi-

*Lipton v. Nature Co.,* 71 F.3d 464, 473 (2d Cir.1995); *Shaw v. Lindheim,* 919 F.2d 1353, 1364 (9th Cir.1990); *Lacour v. Time Warner Inc.,* 2000 WL 688946 (N.D.Ill. 2000). As with Jackson's other arguments, the pith here is that plaintiffs have not pleaded enough facts. As Jackson puts it, the "complaint must provide additional facts alleging affirmative misrepresentations about the origins of the work." Memorandum, docket # 71 at 7.

As noted by *Lacour,* the Seventh Circuit has not addressed the issue whether the same facts constituting a copyright infringement suffice to make out a reversepassing-off claim under the Lanham Act. This court doubts that the Seventh Circuit would agree with the view of *Lacour, Lipton* and *Shaw,* and dismiss the Lanham Act allegations as redundant, because doing so serves no apparent purpose. As noted *supra* n. 4, parties are allowed to plead alternative legal theories in support of a claim for relief, and those different legal theories are not claims. *NAACP,* 978 F.2d at 292; *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1402 (7th Cir. 1992); *Indiana Harbor Belt Railroad Co. v. American Cyanamid Co.,* 860 F.2d 1441, 1444–45 (7th Cir.1988). No matter how many legal theories are pleaded, there can be only one recovery. *Indiana Harbor Belt Railroad,* 860 F.2d at 1445. Thus, calling a redundant legal theory a "claim" and dismissing it accomplishes nothing, other than, perhaps, simplification of the pleadings. *But cf. id.,* 1447 n. 2 (Cudahy, J., dissenting) (assuming reversal on appeal, plaintiff and court would have to "go through the needlessly cumbersome process of reinstating portions of the original complaint, a result unlikely to promote the goal of judicial efficiency.") .

cant overlap, not congruence, is required for there to be one claim. *Automatic Liquid*

If, on the other hand, Jackson, *Lacour* and cases in its vein are correct, that is to say, that a claim of reverse passing off brought under the Lanham Act does require proof of an affirmative misrepresentation not necessary for the Copyright Act claim, then the two claims are not redundant. That means it would be improper to dismiss plaintiffs' Lanham Act claim now merely because the necessary affirmative act has not been spelled out in the complaint, and that supposed omission is really the only substance for Jackson's argument: "Plaintiffs did not plead with specificity any affirmative acts of misrepresentation causing consumer confusion .... " Memorandum, docket # 71 at 4. "Plaintiffs have allegedly copyrighted the songs in question, and, therefore, do not need the protections of the Lanham Act *under the pleaded facts.*" Id. at 5 (emphasis added).

As mentioned above, but needing strong reiteration here in the face of Jackson's repeated attempts to dismiss the complaint for failing to plead evidentiary facts, the Seventh Circuit has "held time and again ... there is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions ... listed in Rule 9." *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir.2002); *Head v. Chicago School Reform Bd. of Trustees,* 225 F.3d 794, 801 (7th Cir.2000). Because a reverse-passing-off claim, under the Lanham Act or otherwise, is not one of the exceptions listed in *Rule* 9, it is clear that plaintiffs' Lanham Act claim cannot be dismissed.

### MOTION TO STRIKE

 Finally, Jackson has filed a motion to strike plaintiffs Ivan Woodard and Gordon Hagen, and seeking an order requiring the remaining plaintiffs to file an amended complaint. Ivan Woodard and Hagen were parties plaintiff to the com-

*Packaging, Inc. v. Dominik,* 852 F.2d 1036, 1037 (7th Cir.1988). .

plaint originally filed. They, along with plaintiffs Adams, Elvy Woodard and Steeltown Records, voluntarily dismissed the suit as to Jackson on October 15, 1997, pursuant to a stipulation which reserved the right to reinstate the suit on thirty days' notice.

On October 30, 2001, plaintiffs Adams, Elvy Woodard and Steeltown Records served a notice of reinstatement on Jackson, accompanied by a copy of the original complaint. Jackson points out, correctly, that neither Ivan Woodard nor Gordon Hagen joined in the notice of reinstatement, that no appearance has been filed for either, and that neither has propounded discovery or responded to his motions to dismiss or his motion to strike them from the complaint. Stating the obvious—that Hagen and Ivan Woodard's names are listed in the complaint's caption only because a copy of the original complaint was served along with the notice of reinstatement—Jackson argues that plaintiffs Adams, Elvy Woodard and Steeltown Records should be ordered to file an amended complaint because the present complaint "does not adequately apprise defendant of the parties actually involved in the prosecution of this matter or the current allegations supported by the parties." Motion, docket # 90 at ¶ 10. In addition, Jackson argues that he has been "continually prejudiced ... by the lingering presence of Ivan Woodard and Gordon Hagen in this matter." Memorandum, docket # 91 at 3.

The court fails to understand how their names' appearance in the caption causes Ivan Woodard and Gordon Hagen to have any "lingering presence," or why the filing of an amended complaint would be anything other than a waste of time. As far as defendant Jackson is concerned, Ivan Woodard and Gordon Hagen's voluntary dismissal stands and they have no action pending against him. Because every allegation of the complaint is made by all plaintiffs, or if fewer than all, specifies the plaintiffs making the allegation, there is no confusion as to the "current allegations supported by the parties." The present posture of the case is no different than if Ivan Woodard and Gordon Hagen had reinstated the case, but it was later dismissed again, either voluntarily or involuntarily. Neither circumstance would occasion the need for the filing of an amended complaint. In short, because there is no need to strike from the complaint the names of persons who are no longer parties, Jackson's motion to strike will be denied.

For the foregoing reasons, Jackson's motion to supplement his motion to dismiss (docket # 77) is GRANTED; his motion to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim (docket # 70 as supplemented by docket # 77) is DENIED; and his motion to strike plaintiffs and require filing of an amended complaint (docket # 90) is DENIED.

SO ORDERED.