732 F.2d 998
 235 U.S.App.D.C. 396
 Michelle TOLSON, on her own behalf and on behalf of a minor
child born to her while committed to the custody
and care of the U.S. Attorney General
and the U.S. Bureau of Prisons, Appellant
v.
UNITED STATES of America.
 No. 83-1788.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 26, 1984.
Decided April 27, 1984.
 
 Michael R. Smith, Washington, D.C., with whom William W. Taylor, III, Washington, D.C., was on the brief for appellant.
 Robert E.L. Eaton, Jr., Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., R. Craig Lawrence, and Royce C. Lamberth, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.
 Before GINSBURG, Circuit Judge, MacKINNON, Senior Circuit Judge, and PARKER,* United States District Judge for the District of Columbia.
 Opinion for the Court filed by Circuit Judge GINSBURG.
 GINSBURG, Circuit Judge:
 
 
 1
 The parties invite our review of a judgment entered by the district court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. That Rule, applicable to multiple claim litigation, affords the district court discretion to enter a final judgment on a discrete but entire claim while other claims remain sub judice.[1] The Rule, however, does not authorize the entry of final judgment on part of a single claim. We hold that the district court improperly invoked Rule 54(b). That court, we conclude, has not yet finally adjudicated any claim; instead, it has ruled on part of a single claim. Further, we do not consider it appropriate, in the particular circumstances this case presents, to treat the district court's disposition as an interlocutory appeal certification under 28 U.S.C. Sec. 1292(b).[2] We therefore dismiss the appeal because it presents no final or otherwise immediately reviewable decision.
 
 I.
 
 2
 Plaintiff-appellant Tolson alleges that, during her incarceration at a federal prison in Lexington, Kentucky, a prison guard coerced her into sexual intercourse and impregnated her. She seeks damages from the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-2680 (1976). Her complaint asserts that the United States is answerable for the guard's conduct under the doctrine of respondeat superior. Further, the complaint states that the United States is liable for the neglect of the prison officials in failing to supervise the guard and in retaining him despite notice of his propensities.
 
 
 3
 The United States moved to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted. The district court granted the motion in part and denied it in part. Pursuant to the federal choice-of-law rule governing FTCA actions, 28 U.S.C. Sec. 1346(b),[3] the district court looked to Kentucky law to determine the motion. It concluded that Kentucky law would not impute the guard's conduct to the United States under the doctrine of respondeat superior; instead, Kentucky would hold that the conduct in which the guard indulged was beyond the scope of his employment. The court also concluded, however, that Kentucky law would impute to the United States the prison officials' alleged negligence in failing to supervise the guard's conduct. It therefore granted the motion to dismiss "that portion of plaintiff's complaint which seeks to hold the United States liable ... for the alleged tortious actions of [the] guard," but denied the motion as to the negligent supervision and retention allegations. Civil Action No. 81-2626, Memorandum and Order (D.D.C. Feb. 22, 1983), reprinted in Record Excerpts (R.E.) 114-17.
 
 
 4
 On Tolson's unopposed motion, the district court entered final judgment under Rule 54(b) on the ruling that the guard's conduct could not be imputed to the United States. That ruling, the district court believed, finally disposed of an "issue ... sufficiently distinct" from the remaining claims for negligent supervision and retention of the guard. Civil Action No. 81-2626, Memorandum Opinion and Order, at 3 (D.D.C. May 26, 1983), reprinted in R.E. 121. The complaint, as the district court ultimately viewed it, presented not one, but three, discrete claims against the United States: one for the guard's acts; another for negligent supervision; and a third for negligent retention. The claims were separate, the court reasoned, because each involved "[p]roof of different facts ... even though some facts are common to each claim," and "the law applicable to each claim is distinguishable as well." Id.
 
 II.
 
 5
 Two procedural mechanisms for appeals while a case remains pending in district court are sometimes confused: Rule 54(b) of the Federal Rules of Civil Procedure, and 28 U.S.C. Sec. 1292(b). Rule 54(b), applicable to litigation involving multiple claims or multiple parties, affords the district court discretion to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties."[4] The Rule, in conception, is an application of, not an exception to, the statutory instruction that, in the interest of efficient review and avoidance of wasteful trial court delay, appeals generally must abide final decision. See 28 U.S.C. Sec. 1291 (courts of appeals have jurisdiction of appeals from "final decisions" of district courts); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956) ("The District Court cannot, in the exercise of its [Rule 54(b) ] discretion, treat as 'final' that which is not 'final' within the meaning of Sec. 1291.") (emphasis in original).
 
 
 6
 In contrast to Rule 54(b)'s provision for final judgment on separate claims, 28 U.S.C. Sec. 1292(b) provides for appeals from interlocutory decisions. Section 1292(b) explicitly conditions appellate review on the exercise of discretion at two levels: if the district court certifies that it views its decision as involving "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation," the court of appeals may permit instant appeal of the decision.[5]
 
 
 7
 In this case, the district court did not certify its respondeat superior ruling under 28 U.S.C. Sec. 1292(b). Instead, it treated that ruling as finally dispositive of one entire claim in a multiple claim action, and accordingly invoked Rule 54(b) to justify the entry of a final judgment. We hold that, for the purpose at hand, the district court sliced the "claim" concept too thinly.
 
 
 8
 If the relevant criteria for defining a "separate" claim within the meaning of Rule 54(b) are, as the district court indicated, the necessity for proof of some different facts,[6] and the application of distinguishable law,[7] a host of pre-trial substantive rulings would be swept within the Rule's domain. In an action for damages for injury to person or property, for example, different facts and distinguishable law would be involved if plaintiff alleged several bases for relief--e.g., the defendant's simple negligence, gross negligence, breach of implied warranty, breach of express warranty. A pre-trial ruling rejecting simple negligence or implied warranty as a basis for relief could be split off, described as a rejection of plaintiff's "separate" claim for relief on the asserted ground, and made the subject of a Rule 54(b) judgment.
 
 
 9
 The provision for interlocutory appeals Congress ordered in 28 U.S.C. Sec. 1292(b) should reduce the temptation to so formulate the definition of "claim" and thereby erode the final decision rule. We recognize that Rule 54(b) precedent is untidy,[8] and that "courts have been completely unable to settle on a single test for determining when claims are 'separate.' " Local P-171, Amalgamated Meat Cutters v. Thompson Farms Co., 642 F.2d 1065, 1070 (7th Cir.1981) (Wisdom, J.) (footnote omitted) [hereafter, Local P-171 ]. We offer no universal formulas, but the matter before us affords an opportunity to state one "rule of thumb" for identifying a genre of "claims that clearly cannot be 'separate.' " Id. When alleged "claims [are] so closely related that they would fall afoul of the rule against splitting claims if brought separately," id. at 1071 (citations omitted), they do not qualify as "separate" claims within the meaning of Rule 54(b). Cf. Note, Appealability in the Federal Courts, 75 HARV.L.REV. 351, 359-61 (1961) (courts generally hold 54(b) inapplicable when "fewer than all of a party's legal theories based on the same transaction" have been dismissed, so that it remains possible "that the party will still be awarded relief, an event that would render unnecessary an appellate determination of the dismissal").
 
 
 10
 This "rule of thumb" is reflected in our circuit's leading decision on the definition of a claim within the meaning of Rule 54(b): Gold Seal Co. v. Weeks, 209 F.2d 802, 809-10 (D.C.Cir.1954) (res judicata doctrine is appropriate guide in Rule 54(b) determinations). It is also indicated in sensible precedent elsewhere. See, e.g., Local P-171, supra; Page v. Preisser, 585 F.2d 336, 339 (8th Cir.1978) (Rule 54(b) "did not ... purport to amend or dilute the fundamental rule against splitting a cause of action and deciding appellate cases piecemeal.") (citations omitted).[9]
 
 
 11
 Tolson could not have maintained successive suits against the United States on the three claims the district court viewed as "separate." Had she limited her action to any one of the three, adjudication of that claim would have precluded subsequent airing of the others. See generally RESTATEMENT (SECOND) OF JUDGMENTS Secs. 24, 25 (1982). We restate and adhere to the sound precedent set in Gold Seal Co., supra. "Different facts" and "distinguishable" law do not alone qualify an alleged claim for separate judgment under Rule 54(b); that Rule may not be invoked in opposition to "the fundamental rule against splitting a [claim for relief]." Page v. Preisser, 585 F.2d at 339.
 
 
 12
 Because the Rule 54(b) judgment here was unopposed, we directed the parties, by pre-argument order,[10] to address the question whether the Rule was properly invoked. In a supplemental brief, appellant Tolson requested that, in the event we find the Rule 54(b) judgment improper, we treat the judgment as a certification for interlocutory appeal under 28 U.S.C. Sec. 1292(b) and then exercise our discretion to permit the appeal.
 
 
 13
 In an appropriate case, the requested conversion from Rule 54(b) to 28 U.S.C. Sec. 1292(b) might well be in order at the appellate court level. See Bergstrom v. Sears, Roebuck & Co., 599 F.2d 62, 64 (8th Cir.1979) (per curiam); cf. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 745-46, 96 S.Ct. 1202, 1207, 47 L.Ed.2d 435 (1976) (intimating that improper Rule 54(b) judgment can be treated as Sec. 1292(b) certification if section's ten-day application deadline was met and court of appeals would have exercised its discretion to entertain the interlocutory appeal).[11] In this case, however, we do not share appellant's confidence that the district court would have found "substantial ground for difference of opinion" on the state of Kentucky law,[12] or that immediate appeal could "materially advance the ultimate termination of the litigation." 28 U.S.C. Sec. 1292(b). See 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE Sec. 2658.2, at 80 (2d ed. 1983) (Section 1292(b) "is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals.") (footnote omitted).[13] We therefore decline to exercise our discretion to grant or deny immediate appeal absent a 1292(b) certification by the district court accompanied by that court's reasons for believing that the statutory criteria are met.
 
 
 14
 For the reasons stated, we dismiss the appeal for want of a final judgment or otherwise immediately reviewable order and remand the case with instructions to vacate the judgment entered under Rule 54(b).
 
 
 15
 It is so ordered.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 292(a)
 
 
 [1]
 Rule 54(b) provides:
 (b) Judgment upon multiple claims or involving multiple parties
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 [2]
 Section 1292(b) provides:
 (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
 
 
 [3]
 Section 1346(b) provides for district court jurisdiction over
 claims against the United States, for money damages ... for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 [4]
 For the full text of Rule 54(b), see supra note 1
 
 
 [5]
 For the full text of 28 U.S.C. Sec. 1292(b), see supra note 2
 
 
 [6]
 The "different facts" test, although stated in several decisions, e.g., Purdy Mobile Homes, Inc. v. Champion Home Builders Co., 594 F.2d 1313, 1316 (9th Cir.1979); Gas-A-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir.1973), has been recognized as deficient in this circuit. See Gold Seal Co. v. Weeks, 209 F.2d 802, 809-10 (D.C.Cir.1954)
 
 
 [7]
 In Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 n. 9, 76 S.Ct. 895, 900 n. 9, 100 L.Ed. 1297 (1956), the Supreme Court noted that a dismissed count of the complaint on which 54(b) judgment had been entered focused on the Sherman Act, while the counts that remained pending were of state common law origin, thus suggesting that the source of the governing law may be relevant in determining whether a single claim is presented. See also Schexnaydre v. Travelers Ins. Co., 527 F.2d 855, 856 (5th Cir.1976) (per curiam) ("[t]rue multiplicity is not present where ... the plaintiff merely presents alternative theories, drawn from the law of the same sovereign"). In Tolson's case, however, all relevant conduct-regulating rules must be drawn from Kentucky law. See supra note 3 and accompanying text
 
 
 [8]
 Respected commentators have observed: "The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure." 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE Sec. 2657, at 60-61 (2d ed. 1983)
 
 
 [9]
 Chacon v. Babcock, 640 F.2d 221 (9th Cir.1981), cited by appellant, is not to the contrary. There, the district court entered no 54(b) judgment. The court of appeals therefore had no occasion to, and in fact did not, consider whether separate claims were presented
 One case bearing a striking factual similarity to ours is Schexnaydre v. Travelers Ins. Co., 527 F.2d 855 (5th Cir.1976) (per curiam). There, plaintiffs' decedent had died as a result of injuries received in a fall from a scaffold on a construction site. Plaintiffs sued the general contractor's insurance company, asserting, as does Tolson here, both a theory of direct negligence liability (for inadequate performance of its duty to inspect equipment and working conditions at the construction site) and a theory of derivative liability (for the general contractor's negligence as its negligence insurance carrier). The district court dismissed only the former theory, certifying its order for immediate appeal under Rule 54(b). The Fifth Circuit reversed, holding that "[t]rue multiplicity [of claims was] not present." Id. at 856.
 
 
 [10]
 Tolson v. United States, No. 83-1788 (D.C.Cir. Mar. 20, 1984)
 
 
 [11]
 When a district court judge provides a 1292(b) certification for a decision that qualifies as final, appellate court conversion of the certification into a 54(b) judgment is more readily made. See, e.g., Local P-171, 642 F.2d at 1068-69, 1071-72. Under Rule 54(b), judgment may be entered upon a finding of "no just reason for delay." Certification under 28 U.S.C. Sec. 1292(b) requires more--"a controlling question of law as to which there is substantial ground for difference of opinion," and the prospect that immediate appeal "may materially advance the ultimate termination of the litigation."
 
 
 [12]
 Appellant urges that the respondeat superior question tendered is "novel" and "important." Appellant's Supplemental Brief at 13. It is not, however, a question any federal court is positioned to answer authoritatively. Nor are there frequent calls in this circuit for the identification and application of Kentucky law
 
 
 [13]
 The district court's Memorandum Opinion and Order does not persuasively explain why the case should be brought here piecemeal. If a trial occurs, it likely would include evidence relevant to respondeat superior liability. Thus, we do not comprehend why the course of the litigation would be unduly protracted absent a midstream appeal. The district judge indicated he wished "[t]o avoid two trials on the same facts." Civil Action No. 81-2626, Memorandum Opinion and Order, at 4 (D.D.C. May 26, 1983), reprinted in R.E. 122. Since FTCA claims are not tried before juries, 28 U.S.C. Sec. 2402, we think it highly unlikely that the district court would be required to rehear evidence presented at a first trial episode