LIBERTY BANK AND TRUST COMPA-
NY OF OKLAHOMA CITY, N.A., for-
merly the Liberty National Bank and
Trust Company of Oklahoma City, Ap-
pellee,

v.

Michael P. ROGALIN, Appellant,

and

Sheilah J. Rogalin, Robert Kelly and the
United States of America, ex rel. the In-
ternal Revenue Service, the State of
Oklahoma, ex rel. The Oklahoma Tax
Commission, Defendants.

No. 83977.

Supreme Court of Oklahoma.

Jan. 30, 1996.

As Corrected Feb. 6, 1996.

G. Robert Carpenter, Rogalin & Carpenter, P.C., Oklahoma City, for Appellant.

James K. Larimore and Scott G. Robelen, Durbin, Larimore & Bialick, Oklahoma City, for Appellee.

SUMMERS, Justice.

The appeal is before us prior to briefing on the merits and solely on the issue of whether it is timely. We conclude that it is not. Because our prior dismissal was for a wrong reason we grant rehearing and withdraw our earlier order of dismissal for lack of a filed final District Court order. Now, although we are satisfied the order was indeed on file, as Appellant has insisted, it lacks the requi-

sites of appealability. Mr. Rogalin's appeal is premature, and the appeal must remain dismissed for that reason. For the benefit of the bench and bar we explain why this is so.

Liberty Bank and Trust Company filed an action alleging that the Rogalins had not made payments on an Agreement and a Note. Liberty sought money judgments against them and also asked the court to foreclose on a mortgage allegedly given to collateralize the debt.

Sheila Rogalin answered, alleging that the property was in the control of Michael Rogalin, and asked that it be used to satisfy the indebtedness. One defendant denied any indebtedness to the plaintiff and disclaimed any interest in the property, and other defendants filed similar disclaimers.

Michael Rogalin answered, and asserted that any default in the agreement was caused by Liberty. He asserted as a counterclaim various allegations including: 1. Liberty directed and controlled his business activities, provided business advice, and directed certain aspects of his law practice, 2. Liberty directed and controlled the payment, deposit, distribution, proceeds and accounts receivable of Rogalin, and 3. Liberty caused financial injury to Rogalin in the course of its activities controlling Rogalin's business. He sought a money judgment against Liberty. Liberty replied, denying the allegations, and alleging that the counterclaim failed to state a claim upon which relief could be granted, that Rogalin's claim was barred by waiver, estoppel, limitations, statute of frauds, that Rogalin's conduct excused further performance by Liberty, and that any damage suffered by Rogalin was due to either third parties or Rogalin himself.

Liberty sought a partial summary judgment. On April 20, 1994 a journal entry of judgment sustaining that motion was filed. The court granted a money "judgment" against the Rogalins, ordered the mortgage foreclosed and the property sold to satisfy the "judgment". But *the court also ordered that all issues regarding Rogalin's claims be reserved for future determination.* On June 28, 1994 the property was sold for $13,500. An order confirming the sale was filed July

22, 1994. The petition in error was filed July 27, 1994.

On appeal the trial court record was examined by this Court, and it was found that Rogalin had filed a "motion to reconsider" the judgment of April 20th, but that no written memorial of the trial court's disposition of that motion was in the record. The appeal was thus dismissed. See 12 O.S.Supp.1993 § 696.3. Rogalin then sought rehearing, and attached to his petition a purported copy of the trial court order disposing of his motion to reconsider.

On rehearing in this Court the trial court record was again examined, and again the order was absent from both the trial court record as well as the appearance docket. We then appointed the District Judge as a Special Master to determine if the order had been filed. The Special Master has made his report, and has determined from material submitted by the Court Clerk that the original order was lost, and had never been posted to the appearance docket. However, the original order had been microfilmed, and the microfilm copy showed that the trial court order was indeed filed on June 27, 1994. Rogalin's appeal, filed July 27, 1994, would thus be timely if the June 27 order was appealable.

Prior to our dismissal for lack of a filed order Liberty had moved to dismiss the appeal as premature because Rogalin's counterclaim remains pending for adjudication in the trial court. Rogalin in response had argued that his appeal should be allowed to proceed because the property has been sold. Liberty was correct; the appeal is premature.[1]

 We have explained that in a mortgage foreclosure proceeding an order determining the amount due and ordering the sale of the mortgaged property must also adjudicate any defenses to the foreclosure cause of action. *Federal Deposit Ins. Corp. v. Tidwell,* 820 P.2d 1338, 1341 (Okla.1991). One reason this is so is because the order adjudicating the amount due and ordering sale is a judgment on the foreclosure cause of action. *Sooner Federal Sav. & Loan Ass'n. v. Smoot,* 894 P.2d 1082, 1085 n. 6 (Okla.1995); *Wood v. Sympson,* 833 P.2d 1239, 1246 (Okla.1992); *Federal Deposit Ins. Corp. v. Tidwell, supra.* If an order determines the amount due, orders foreclosure of the mortgage, and sale of the property, but leaves claims unresolved, the order is "an interlocutory adjudication anterior to the judgment." *Founders Bank and Trust Co. v. Upsher,* 830 P.2d 1355, 1358 n. 2 (Okla.1992). Due process has not been afforded when a trial court orders the sale of the mortgaged property without adjudicating affirmative defenses to the foreclosure action, and a writ of prohibition will issue to restrain the enforcement of the sale until those defenses are heard. *Federal Deposit Ins. Corp. v. Tidwell,* 820 P.2d 1338, 1342 (Okla. 1991). No writ was sought in the case before us.

 When an action contains more than one claim for relief and a judgment is rendered that leaves a claim or claims unadjudicated, that judgment is not an appealable event in the absence of the statutorily required certificate of the trial judge. 12 O.S.Supp.1993 § 994; *Tinker Investment & Mortgage Corp. v. Midwest City,* 873 P.2d 1029, 1034–1035 (Okla.1994). No certificate was made in this case. Additionally, if the unadjudicated claim arises from the same transaction or occurrence as the adjudicated claim the District Court does not have the power to enter a final appealable order as to only the adjudicated portion. *DeLuca v. Mountain States Financial Resources Corp.,* 827 P.2d 171 (Okla.1992).[2]

---

1. The separate opinion dissenting in part argues for inviting a response from Liberty prior to dismissing this appeal. We do not do so for the reason that Liberty earlier moved to dismiss this appeal upon the same ground we now use in dismissing it. Our opinion does not *sua sponte* raise a new issue, but gives Liberty the precise relief it originally asked for in its brief in this appeal, raising no need for further response from the successful appellee Liberty Bank.

2. This point was alluded to in *Tinker Investment & Mortgage Corp. v. Midwest City,* 873 P.2d 1029 (Okla.1994) where we said that under the federal precursor of our former 12 O.S. § 1006 (now § 994) there existed a difference between a final decision dispositive of an entire claim and an order disposing of only some issues within a claim. *Tinker,* 873 P.2d at 1035 n. 20, citing with approval, *Tolson v. United States,* 732 F.2d 998 (D.C.Cir.1984). In *Tolson* that court tried to identify the nature of a "claim" and said that one

Rogalin pled several claims. Neither Rogalin nor Liberty explained the nature of Rogalin's claims. We need not however, analyze the nature of his claims or defenses left unadjudicated, because whether Rogalin's claims are affirmative defenses, compulsory counterclaims, permissive counterclaims, or a mixture thereof, would not alter the conclusion that the partial summary judgment is an interlocutory order.[3]

 Rogalin asserts that his property was sold, and he should be afforded an opportunity to judicially challenge that sale. Our decision does not preclude his right to do that, at the proper time. First, interlocutory orders are not binding on the trial court when fashioning the final adjudication of a controversy. *Lincoln Bank and Trust v. Tax Commission*, 827 P.2d 1314, 1317 n. 12 (Okla.1992). Thus the trial court remains free to alter its interlocutory orders when fashioning a final adjudication in the foreclosure action. Second, Rogalin's rights to seek appellate review of a judgment on the foreclosure action yet to be made, and those interlocutory adjudications preceding it, are not prejudiced by our dismissal of an appeal for prematurity due to the lack of an appealable judgment. *Whig Syndicate, Inc. v. Keyes*, 836 P.2d 1283, 1286 (Okla.1992); *DeLuca v. Mountain States Financial Resources Corp.*, 827 P.2d 171 (Okla.1992).

 We agree with Liberty that no appealable judgment has been made in this controversy. As we have indicated, the order in this particular case requiring sale was interlocutory. The subsequent order confirming the sale must also be considered as an interlocutory adjudication because of the particular facts of this case.[4]

Since a partial summary judgment ordering the sale of property is subject to modification in adjudicating defenses or counterclaims, an order confirming a sale that was held pursuant to such an order is similarly subject to trial court modification. Additionally, since both the order compelling sale and the order confirming the sale remain open to trial court modification they are also subject to subsequent examination on timely appeal.

This Court's order of October 10, 1994 dismissing the appeal is withdrawn on rehearing. However, the appeal stands dismissed for the reasons explained herein.

ALMA WILSON, C.J., and HODGES, LAVENDER, HARGRAVE and WATT, JJ., concur.

KAUGER, V.C.J., concurs in result.

SIMMS and OPALA, JJ., dissent.

OPALA, Justice, dissenting in part—
SIMMS, J., joins this writing insofar as it calls for a response from Liberty Bank & Trust Company *before* the appeal's dismissal is effected.

Holding that the order from which Michael Paul Rogalin [Rogalin] seeks corrective relief

---

claim cannot be a separate claim from a second claim for Fed.R.Civ.P. 54(b) purposes if its adjudication separately from the second claim "would fall afoul of the rule against splitting claims if brought separately." *Tolson*, 732 F.2d at 1001.

3. If Rogalin's claims include an affirmative defense it must be adjudicated within the framework of a judgment on the cause of action associated with that defense, and if the defense is left unadjudicated the order is interlocutory. *Federal Deposit Ins. Corp. v. Tidwell*, 820 P.2d at 1341. The same holds true as to compulsory counterclaims in a foreclosure proceeding because of our construction of § 1006 (12 O.S.Supp.1993 § 994) in *DeLuca v. Mountain States Financial Resources Corp., supra*, and the holding in *Federal Deposit Ins. Corp. v. Tidwell, supra*. Finally, if Rogalin's claims are characterized as permissive counterclaims no final judgment has been entered because of the absence of the statutorily required certificate. 12 O.S.Supp.1993 § 994.

4. Generally, an order confirming a foreclosure sale may be appealed as a final order after judgment affecting a substantial right. 12 O.S.1991 §§ 952(b)(1), 953. *McCredie v. Dubuque Fire & Marine Ins. Co.*, 49 Okla. 496, 153 P. 846, 846–847 (1915), (an order confirming a foreclosure sale is an order after judgment affecting a substantial right). An order confirming sale is subsequent to an order of foreclosure that finally adjudicates the foreclosure cause of action *and all defenses raised to that action*. For example, an order confirming a sale ultimately derives its legal effect from a prior order appearing of record that actually orders the sale of the property: "No real estate shall be sold for the payment of any money or the performance of any contract or agreement in writing, in security for which it may have been pledged or assigned, except in pursuance of a judgment of a court of competent jurisdiction ordering such sale." 12 O.S.1991 § 686.

is *unappealable* by law, the court dismisses his appeal as *premature*. The court reaches its decision *without* affording Liberty Bank & Trust Company of Oklahoma City, N.A. [Liberty or mortgagee]—the appellee—an opportunity to respond to Rogalin's *petition for rehearing*. While I agree that Rogalin's cause may not be advanced for review because a *related counterclaim* stands undecided below,[1] I would call for a response from Liberty (who did not seek rehearing) before dismissing this appeal.

I would liken our action to sapping Liberty's judgment of its previously accepted and perceived finality. While Liberty previously had sought to dismiss Rogalin's appeal for want of a "final appealable order", its appellate paperwork neither concedes nor addresses any *infirmity* in its preappeal foreclosure sale. Today's dismissal *directly condemns* as prematurely entered—in advance of judgment in the case—the trial court's *confirmation* of Liberty's sale of the mortgaged premises,[2] leaving Rogalin's *equity of redemption unextinguished* and placing the purchaser's sale-derived *title at risk*.[3] Our dismissal is hence the functional equivalent of a confirmation order's vacation.[4]

Because this dismissal affects Liberty's substantial property interest and reduces its

perceived nisi prius victory by foreclosure decree to the insecure status of a mere mid-litigation judicial action in the case, which is not yet *executable*,[5] due process dictates that Liberty be afforded a meaningful opportunity to present its position on the issue, if any it have.[6]

---

1. Because Rogalin's counterclaim is *related to the same transaction or occurrence* as Liberty's foreclosure claim—*i.e.*, to Rogalin's obligations under the terms ·of the notes and mortgage—the order entered in favor of Liberty, which resolves only a part of the claims between the parties, is one of a class *not* certifiable for immediate appeal under the terms of 12 O.S.Supp.1993 § 994. *DeLuca v. Mountain States Financial Resources Corp.*, Okl., 827 P.2d 171. *See also* the Bar Committee Comments to 12 O.S.Supp.1990 § 1006—the earlier version of § 994.

2. *FDIC v. Tidwell*, Okl., 820 P.2d 1338, 1342 (1991).

3. *Sooner Federal Savings & Loan Assn. v. Okl. Central Credit Union*, Okl., 790 P.2d 526, 531 (1990).

4. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84–85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965).

5. *Tidwell, supra* note 2 at 1342.

6. Oklahoma's Constitution Art. 2, § 7 states:

"No person shall be deprived of life, liberty, or property, without due process of law."

Extant jurisprudence teaches that *an opportunity to be heard* is an essential element of due process. *Crussel v. Kirk*, Okl., 894 P.2d 1116, 1121 (1995); *Cate v. Archon Oil Co., Inc.*, Okl., 695 P.2d 1352, 1355 (1985); *York v. Halley*, Okl., 534 P.2d 363, 364 (1975); *Shaw v. Swank*, Okl., 416 P.2d 928, 931 (1966); *Kiespert v. Jenkins*, Okl., 324 P.2d 283 (1958); *Greco v. Foster*, Okl., 268 P.2d 215, 219 (1954).

*In accord* with this principle is *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983), where the Court held that "since a mortgagee clearly has a legally protected property interest, [it] is entitled to notice reasonably calculated to apprise" it of the action. The purpose of this notice is to "apprise interested parties of the pendency of the action and afford them *an opportunity to present their objections.*" *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). [Emphasis mine.]