Dunlop Tire Corporation ("Dunlop") appeals from an order entered by the Madison County Circuit Court determining that it must pay a medical bill incurred by Spencer F. Arch, Jr. We dismiss the appeal as from a nonfinal judgment.
Arch sued Dunlop in July 1998, alleging that he had been employed by Dunlop and that he had suffered a back injury in the course of his employment. Arch's one-count complaint sought (1) workers'-compensation benefits; (2) medical benefits; (3) a lump-sum attorney fee; and (4) any other relief to which he was entitled. Dunlop denied the material allegations of the complaint and asserted various affirmative defenses.
On August 4, 1999, Arch filed a "motion for pendente lite relief," in which he requested the issuance of "an order authorizing and directing [his] admission to the Pain and Rehabilitation Institute of Birmingham, Alabama ["PRI"], at [Dunlop]'s expense or, alternatively, an Order requiring [Dunlop] or its workers' compensation insurance carrier to immediately approve [his] proposed admission to the pain program beginning August 8, 1999." In that motion, Arch alleged that his authorized treating neurosurgeon had, on July 8, 1999, referred Arch to PRI for evaluation and treatment, but that Dunlop and its insurance carrier had refused to approve his admission to PRI's four-week in-house pain treatment program. In its response, Dunlop contended that Arch's neurosurgeon had altered his referral. On August 6, 1999, the trial court entered an order requiring Dunlop to "immediately approve and assume the responsibilities for payment of services to be rendered by [PRI] beginning on August 8, 1999."[1]
On January 25, 2000, Arch filed a motion for an immediate partial summary judgment "only upon the issue of medical benefits owed to [PRI]," alleging that Dunlop had refused to pay the charges Arch had incurred during his treatment at PRI. Dunlop filed a response in opposition. The trial court entered an order on March 23, 2000, granting Arch's motion and directing Dunlop to pay Arch's expenses incurred at PRI. After Dunlop moved for that order to be "reexamined," the trial court entered an amended order purporting to direct the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. *Page 1058 
Although the parties have not challenged our appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Wallace v. Tee Jays Mfg. Co.,689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)).
In pertinent part, Ala. Code 1975, § 12-22-2, provides that an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Rules of Appellate Procedure, "[f]rom anyfinal judgment of the circuit court" (emphasis added). However, if more than one claim for relief is presented in an action, Rule 54(b), Ala.R.Civ.P., provides that "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
The trial court's revised order granting Arch's motion for a partial summary judgment expressly invoked Rule 54(b). However, in PrecisionAmerican Corp. v. Leasing Service Corp., 505 So.2d 380 (Ala. 1987), the Alabama Supreme Court held that a trial court does not have unbounded discretion under that rule to "certify" any order as a final judgment. In Precision, a beneficiary of a lease guaranty (LSC) asserted, among other claims, a claim for damages against its guarantor (Precision) arising from a breach of a commercial lease; although the guarantor asserted that it owed only $70,192.76 with respect to its guaranty, the beneficiary contended that it was owed $113,739.56. The trial court entered a partial summary judgment in favor of the beneficiary for $70,192.76, and purported to direct the entry of a final judgment as to that award. The Supreme Court dismissed the guarantor's appeal from that partial summary judgment, concluding that there was no final judgment from which an appeal could be taken:
 "Precision argues that LSC received summary judgment on only a portion of one of its claims and, therefore, that the trial court's Rule 54(b) certification was erroneous. We agree.
 "As this Court stated in Foster v. Greer Sons, Inc., 446 So.2d 605, 610 (Ala. 1984), `Rule 54(b) certifications should be granted only in exceptional cases and "should not be entered routinely or as a courtesy or accommodation to counsel." Page v. Preisser, 585 F.2d 336, 339 (8th Cir. 1978).' The Committee comments to Rule 54 note:
 "`The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party.' (Emphasis added [in Precision American).
"Committee comments, Rule 54, A.R.Civ.P.
 "The question before this Court is whether the partial summary judgment LSC received completely disposed of a claim so as to make that judgment final. Rule 54(b) does not authorize the entry of final judgment on part of a single claim. Tolson v. United States, 732 F.2d 998, 999 (D.C. Cir. 1984). Neither federal nor state courts have been able to settle on a single test to determine when claims are separate or exactly what constitutes a claim. See, Tolson, 732 F.2d at 1001; Cates v. Bush, 293 Ala. 535, 307 So.2d 6
(1975). However, *Page 1059 
authorities have stated that `when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of Rule 54] does not apply.' 10 C. Wright, A. Miller, M. Kane, Federal Practice and Procedure: Civil 2d, § 2657, at 69-71 (1983); Landry v. G.B.A., 762 F.2d 462, 464 (5th Cir. 1985).
 "In this case, LSC counterclaimed for one-half of the initial amount of the lessee's obligation, and the trial court gave LSC a summary judgment on a portion of that amount, while reserving determination on the balance of the counterclaim. In Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66 (2d Cir. 1973), the Second Circuit Court of Appeals held that when the trial court determined part of the damages (the principal) but reserved determination on the amount of prejudgment interest, that determination was not final despite the trial court's Rule 54(b) certification. `It is settled that, in making the requisite determination and direction under F.R.Civ.P. 54(b), "[t]he District Court cannot, in the exercise of its discretion, treat as `final' that which is not `final'. . . ."' 482 F.2d at 69 (emphasis in original). The Second Circuit noted in a later case that it had held that `a judgment fixing certain damages but not others could not be considered final.' International Controls Corp. v. Vesco, 535 F.2d 742, at 748 (2d Cir. 1976), referring to Aetna Cas. Surety Co. v. Giesnow, 412 F.2d 468 (2d Cir. 1969). That court said, `In short, a judgment cannot be considered final as long as it leaves open the question of additional damages.' International Controls Corp. v. Vesco, at 748. `[A] judgment which awards damages but also allows the judgment holder to return to court to prove more damages is not a final judgment.' Southeast Nursing Home, Inc. v. St. Paul Fire Marine Ins. Co., 750 F.2d 1531, 1539 n. 11 (11th Cir. 1985)."
505 So.2d at 381-82. In accord is the more recent case of Ex parteSimmons, [Ms. 1980570, Aug. 11, 2000] ___ So.2d ___ (Ala. 2000), in which the Alabama Supreme Court vacated this court's affirmance of a partial summary judgment barring the recovery of "extracontractual damages" on a single breach-of-contract claim, which partial summary judgment was made the subject of a Rule 54(b) final-judgment direction.
In this case, Arch is seeking to vindicate his legal right to benefits under the Workers' Compensation Act. The benefits he has sought under that Act arise from a single, accidental, on-the-job injury, and include not only medical benefits such as those awarded by the trial court in its order (see § 25-5-77(a), Ala. Code 1975), but also disability-compensation benefits (see § 25-5-57, Ala. Code 1975). Moreover, the order under review directs Dunlop to pay a single medical bill — it does not constitute a full adjudication of all of the medical benefits to which Arch may currently be entitled. In essence, the trial court, by directing Dunlop to pay PRI, has adjudicated only aportion of a part of a single claim while allowing Arch to return to court to prove more damages as to that part. Therefore, underPrecision, the trial court could not properly certify its order granting Arch's motion for a partial summary judgment as "final" under Rule 54(b).
We conclude that the trial court's order directing Dunlop to pay PRI's bill is nonfinal and that it could not properly have been made a "final judgment" by direction under Rule 54(b), Ala.R.Civ.P. "When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu." Powell v.Republic Nat'l *Page 1060 Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974). Accordingly, we dismiss the appeal.[2]
APPEAL DISMISSED.
Yates, Monroe, and Thompson, JJ., concur.
Crawley, J., dissents.
[1] The trial court has not, to date, ruled on Dunlop's motion to set aside that order.
[2] We note that when the trial court enters its final judgment in this case, the order granting Arch's motion for a partial summary judgment will be subsumed in the final judgment and that that order will then be subject to appellate review. See Rule 4(a)(3), Ala.R.App.P. (any ground for reversal or modification of an order that is asserted in the trial court may be asserted on appeal).