ELLIS, Judge:
This is a garnishment proceeding in which plaintiffs Vernell J. Haney and Gloria Ann Pierson are attempting to collect on a judgment dated March 14, 1968, which they hold against Anderson Jones.
The record reveals that for a number of years, Anderson Jones was employed by Acme Brick Company, which, at the time of this garnishment proceeding, was the name under which First Worth Corporation was doing business. The employees of the Acme plant in Baton Rouge were on strike from February 10 through May 20, 1969, but Anderson Jones did not return to work until June 23, 1969. A garnishment petition was filed on June 10, 1969, and the answers thereto were filed on June 20, 1969, correctly stating that Jones was not an employee of the garnishee.
On July 21, 1969, a second petition for garnishment, naming First Worth Corporation as garnishee, was filed. On August 1, 1969, a second answer was filed, once again stating that Jones had not returned to work since the inception of the strike. It is admitted by the garnishee that the answer was erroneous and it is alleged by them that the error was inadvertent.
Pursuant to an intervention filed by Anderson Jones on August 6, 1969, the district court, on the authority of United States Fidelity & Guaranty Company v. Green, 252 La. 227, 210 So.2d 328 (1968), ruled that his wages were not subject to garnishment under the judgment herein and issued a preliminary injunction enjoining the plaintiffs herein from going ahead with this garnishment proceeding. Judgment to that effect was signed on September 18, 1969, and is no longer appealable.
On November 14, 1969, plaintiffs filed a rulé to traverse the answers to the second set of interrogatories, alleging the falsity .thereof, and praying that the answers be stricken and plaintiffs have judgment against the garnishee for the full amount of their judgment, plus a reasonable attorney’s fee of $200.00.
An exception of prescription was filed, alleging that more than fifteen days had elapsed since service of the notice of filing of the answers, and they could no longer be traversed, citing Article 2414 of the Code of Civil Procedure.
After trial, the court recalled the rule to traverse and dismissed the garnishment proceedings against garnishee. No specific ruling was made on the exception of prescription, because the trial judge was of the opinion that Jones’s salary was not subject to garnishment to satisfy plaintiffs’ judgment in any event.
Plaintiffs take the position that the injunction proceeding involved only themselves and Jones, and is not binding on the garnishee herein, which is characterized as the defendant in a separate suit. It is further argued that, since the second set of answers was false, plaintiff is entitled to a judgment pro confesso against the garnishee for the full amount of the original judgment.
The exception of prescription filed herein is based on Article 2414 of the Code of Civil Procedure, which provides:
“The clerk shall cause written notice of the filing of the garnishee’s answer to be served promptly upon the seizing credi *382 tor in the manner provided by Article 1314.
“Unless the creditor files a contradictory motion traversing the answer of the garnishee within fifteen days after service upon him of the notice of the filing of the garnishee’s answer, any property of the judgment debtor in the possession of the garnishee and any indebtedness to the judgment debtor which the garnishee has not admitted holding or owing shall be released from seizure. A new seizure may be made of such property or indebtedness by filing a supplemental petition and serving additional interrogatories.”
Article 1314 of the Code of Civil Procedure provides:
“A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.
“Personal service on a partner or office associate of a counsel of record, in the office of such counsel of record shall constitute valid service under this article.”
There is nothing in the record to show that any type of service of the answers was made by the sheriff. We note a certificate by the garnishee’s counsel that a copy of the answers was mailed to counsel for plaintiff, but this type of service does not comply with the requirement of Article 1314. Since the delay for traversing the answers has never begun to run, plaintiffs’ motion to traverse was timely filed.
We do not believe that the inadvertent filing of false answers to interrogatories can subject garnishee to any greater penalty than his failure to answer. Article 2413 of the Code of Civil Procedure has eliminated the ex parte judgment pro confesso from our procedure. It provides that judgment against a garnishee who fails to answer can be obtained only after hearing of a contradictory motion. In such an event, the court can render no judgment against the garnishee beyond the amount of property of the judgment debtor held by the garnishee or the amount of any indebtedness of the garnishee to the judgment debtor. In this case, First Worth Corporation proved that it had no indebtedness to or held property of Anderson Jones, other than the wages which he might earn. Plaintiffs were precluded by the injunction of September 18, 1969, from garnishment of Jones’s wages under R.S. 13:3928 et seq.
The evidence adduced at the hearing therefore proves that, in the present posture of this case, garnishee holds no funds from which plaintiffs are entitled to seek satisfaction of their judgment. The rule was therefore properly recalled, and the garnishment proceeding properly dismissed.
The judgment appealed from is, therefore, affirmed, at plaintiffs’ cost.
Affirmed.