This is a products liability/breach of warranty case, and is a case of first impression.
The specific issue is: Should the manufacturer of a bus used for "transportation of pupils" as provided for in Code 1975, §16-27-1, et seq., install passenger seat belts in the vehicle? Because of the nature of the particular facts of this case, and the fact that the legislature has enacted legislation "[t]o promote safe transportation of pupils to and from schools and in school related activities," we are of the opinion that the plaintiffs failed to state a cause of action, and that the judgment of the trial court is due to be affirmed.
On October 12, 1984, plaintiffs, public school children, were injured in Lee County when the school bus in which they were passengers collided with another vehicle. Plaintiffs sued,inter alia, Eddins Lee Bus Sales, Inc., the school bus dealer, and Blue Bird Body Company, Inc., the school bus manufacturer. Plaintiffs alleged in their complaint: (1) that defendants breached the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") by manufacturing and selling an unreasonably dangerous school bus, and (2) that defendants breached an implied or express warranty of merchantability by manufacturing and selling a defective school bus.
Defendants filed a motion to dismiss on the grounds, interalia, that plaintiffs had not stated a claim upon which relief could be granted under either the AEMLD or the theory of breach of implied or express warranty. The trial court granted defendants' motion and dismissed plaintiffs' lawsuit. Plaintiffs appeal. *Page 943 
As we have already pointed out, we believe that in order to address the issue here on appeal, we must necessarily consider the fact that the legislature has taken affirmative action to govern and regulate the transportation of school children in Chapter 27 of Title 16, Code of Alabama 1975, Section 16-27-1, et seq. The provisions of Code 1975, § 16-27-6, are particularly pertinent:
 "(a) No school bus shall be operated on a public street, highway or elsewhere unless it shall be equipped with a seat belt for the driver.
 "(b) The driver of a school bus while transporting pupils on a public street or highway or elsewhere shall wear a properly fastened seat belt when the bus is in motion. Failure of a bus driver to comply with this requirement shall be prima facie evidence of nonfeasance of duty, and any driver who fails to comply with this requirement shall be subject to dismissal.
 "(c) Every contract between a board of education and a school bus contract operator shall contain a clause requiring the driver of a school bus to wear a properly fastened seat belt when the bus is being used for the transporting of pupils on a public street or highway or elsewhere. Failure of any driver to comply with this requirement shall constitute a breach of contract on the part of the contract operator." (Emphasis added.)
Because the legislature mandated that school buses be equipped with a seat belt for the driver, the question we must answer is whether the legislature debated and considered the question of passenger seat belts for school buses, and excluded them from its regulatory scheme involving pupil safety.
As is apparent from a reading of § 16-27-6, the legislature has provided that every school bus being operated in the state must be equipped with a seat belt for the driver, and has mandated that the bus driver, while operating the vehicle, wear the seat belt, but has not imposed a similar requirement for passengers.
Section § 16-27-6 is one of seven sections that comprise Chapter 27 of Title 16, the "Education" title in our Code. Chapter 27 is entitled "Transportation of Pupils." Its purpose, as gleaned from the legislative history, is
 "[t]o promote safe transportation of pupils to and from schools and in school related activities; to direct the state board of education to prescribe certain rules and regulations designed to promote this purpose; to provide for school transportation managers or supervisors; to prescribe certain equipment for school buses; to provide for safety inspection of school buses; to provide for special training and licensing of school bus drivers; and to prescribe penalties." 1969 Ala. Acts No. 281.
Defendants argued to the trial court and to this Court that the legislature, by specifically requiring that school buses be equipped with seat belts for the driver, necessarily considered such a requirement for school bus passengers, and elected not to require them, and that this Court should hold that the legislature intended that no seat belts for school bus passengers would be required. We have no legislative history to indicate whether the legislature, before passing the legislation, reviewed all available information about using seat belts on school buses, and in light of that information, concluded that it could not require seat belt use in school buses until the evidence available demonstrated that seat belts were safer than the compartmentalization of the seats on the buses.
Our duty, of course, is to determine the legislative intent. Such a determination is rarely an easy task, and the instant case is no exception, but, after studying the informative briefs of the parties, listening to their oral arguments, researching the issue ourselves, and applying some rules of statutory construction, we have concluded that the legislature did intend that no Alabama school bus need be equipped with seat belts for passengers.
We were most persuaded in our deliberations by the sweeping language used by *Page 944 
the legislature itself to describe its purpose in enacting Chapter 27, which shows that the legislature was concerned with the "safe transportation of pupils to and from schools and school related activities." With this language in mind, we noted that no other chapter in our Code concerns the transportation safety of Alabama school children. Finally, because of § 16-27-6, concerning drivers' seat belts, we conclude that the legislature, in 1969, while deliberating on the issue of the safe transportation of Alabama's school children, considered, but rejected, requiring the seat belt as a safety device for passengers.
Although we are without the benefit of legislative history, as earlier stated, it is inconceivable to us that the legislature, in considering the value of the seat belt as a safety option, debated its value only as it concerns the driver of a school bus. We, therefore, find that by expressly mentioning driver's seat belts in the school transportation safety chapter of our Code, the legislature impliedly excluded the passenger seat belt as a necessary item on Alabama school buses. Stated otherwise, we find that the legislative intent was that Alabama school buses need not be equipped with seat belts for passengers.
Plaintiffs argue that even if the legislative intent was not to require passenger seat belts for school buses, this intent does not preclude a finding that a particular school bus is defective under the AEMLD (i.e., a finding that without passenger seat belts, a school bus is unreasonably dangerous for the transportation of school children). In oral argument, plaintiffs cited us to the following language in our recent case of General Motors Corp. v. Edwards, 482 So.2d 1176 (Ala. 1985):
 "[P]roof of compliance with federal highway safety standards, while it may be admitted as evidence that a vehicle is not defective, is not conclusive and, therefore, does not provide a defense to state law claims. . . . We could hold that the standards set by the federal government, which has the resources necessary to conduct tests to determine whether or not a design is unreasonably dangerous, are conclusive. We refuse to so hold. Whether federal standards should be conclusive in `crashworthiness' cases is not a decision for this Court to make. Such a decision, if made, would have to be made by the appropriate legislative body." Id. at 1198.
Thus, plaintiffs' argument is that although the legislature may have impliedly concluded that passenger seat belts on school buses should not be mandated, such a proclamation is not conclusive on the issue of whether the manufacturer and seller of a school bus without seat belts have introduced a defective product into the stream of commerce.
First, we note that in General Motors we were concerned with the introduction of federal safety standards in our statecourts. There, we concluded that for such standards to be conclusive as to the issue of defectiveness, the "appropriate legislative body" would have to so decide. Id. In the instant case we have determined that Alabama's legislature has decided that school buses in this state need not be equipped with passenger seat belts.
We need not decide whether, in a context other than the transportation of school children, such a determination by our legislature might not be conclusive as to the product's defectiveness. But, in this context, involving schooltransportation, an area traditionally reserved for the legislature, we find that the legislature's pronouncement is conclusive: a school bus in Alabama may not be found defective for purposes of the AEMLD merely because it is not equipped with passenger seat belts.
We emphasize that our holding today is very narrow and applies only to this particular, and perhaps even peculiar, fact situation. Nothing in this opinion should be construed to conflict with our holding in General Motors or other caselaw in this state in the area of products liability.
If we have incorrectly interpreted the legislative intent, the legislature is free to *Page 945 
correct our mistake by the enactment of appropriate legislation.
The judgment of dismissal appealed from is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
JONES, J., concurs in the result.