PER CURIAM.
 

 This appeal by Lisa Hill Sledge, as personal representative of the estate of Tane-sha E. Hill, deceased, one of the plaintiffs below, follows the entry of a partial summary judgment in favor of IC Corporation (“IC”) and International Truck and Engine Corporation (“ITEC”), two of numerous defendants below.
 
 [1]
 
 We dismiss the appeal as being from a nonfinal judgment.
 

 Facts and Procedural History
 

 On November 20, 2006, Tanesha E. Hill, Deanna Mitchell, Samantha Horton, James Moore, Danton Willie, Lakera Carter, and Morgan Harkey, all minors, were injured when the school bus in which they were passengers crashed. Tanesha died as a result of the injuries she sustained in the accident.
 

 On February 23, 2007, the injured minors, through their natural mothers and next friends, as well as Sledge, as the personal representative of Tanesha’s estate, sued numerous parties, including the driver of a vehicle that allegedly caused the crash, the owner of the school bus, the driver of the school bus, various contractors connected with the construction of the
 
 *245
 
 roadway on which the crash occurred, and IC and ITEC, the companies responsible for the design, manufacture, and distribution of the school bus. The complaint sought damages against IC and ITEC under various theories of negligence, breach of warranty, products liability, and violation of the Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”). Sledge specifically sought damages for Tanesha’s wrongful death.
 

 On July 17, 2008, IC and ITEC filed a joint motion for a partial summary judgment as to all counts alleging that the school bus was defective and/or dangerous because of the lack of seat belts for passengers, arguing that those counts were legislatively preempted as a cause of action by § 16-27-6, Ala.Code 1975, as interpreted by this Court in
 
 Dentson v. Eddins & Lee Bus Sales, Inc.,
 
 491 So.2d 942 (Ala.1986). The summary-judgment motion relied in part on the expanded answers to interrogatories explaining that the counts asserting defects in the school bus were based on the following allegations:
 

 “[T]he IC school bus had an inadequate seatbelt reminder. The IC school bus had inadequate occupant restraint systems for all occupants of the bus. The IC school bus was not crashworthy. The IC school bus failed to warn that the bus provides little or no protection in the event of a rollover or side impact collision.”
 

 The plaintiffs responded to the motion, and, after a hearing, the tidal court entered a partial summary judgment in favor of IC and ITEC “with respect to any claim, either in tort or contract, alleging that the school bus was defective or in breach of warranty due to its failure to provide seatbelts for passengers,” including “any ancillary claims arising out of such defect theory such as failure to warn of the lack of passenger seatbelts and the like.” The trial court expressly stated that its decision “[did] not affect any of the other pending claims of product defect [asserted] by [the] [plaintiffs against [IC and ITEC].” The trial court certified the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Sledge appeals.
 
 [2]
 

 Discussion
 

 As a threshold matter, we must determine whether the trial court’s Rule 54(b) certification was valid. If a Rule 54(b) certification is invalid, then the judgment is a nonfinal judgment that will not support an appeal.
 
 Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88, 96 (Ala.2002). Further, “ ‘[w]hen it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal
 
 ex mero motu.’” North Alabama Elec. Coop. v. New Hope Telephone Coop.,
 
 7 So.3d 342, 344 (Ala.2008) (quoting
 
 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).
 

 In
 
 Scrushy v. Tucker,
 
 955 So.2d 988 (Ala.2006), this Court examined whether a partial summary judgment on an unjust-enrichment claim asserted by the plaintiff, Tucker, was certifiable as final under Rule 54(b):
 

 “ ‘[F]or a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least
 
 one
 
 claim or fully dispose of the claims as they relate to at least one party.’
 
 Haynes v. Alfa Fin. Corp.,
 
 730 So.2d 178, 181 (Ala.1999).
 

 “We first address the question whether Tucker’s unjust-enrichment claim was a separate and distinct claim that was fully adjudicated by the partial summary judgment. In
 
 Precision American Corp. v. Leasing Service Corp.,
 
 505
 
 *246
 
 So.2d 380, 381 (Ala.1987), this Court recognized the difficulty of the question before us.
 

 “ ‘The question before this Court is whether the partial summary judgment [Leasing Service Corp.] received completely disposed of a claim so as to make that judgment final. Rule 54(b) does not authorize the entry of final judgment on part of a single claim.
 
 Tolson v. United States,
 
 732 F.2d 998, 999 (D.C.Cir.1984). Neither federal nor state courts have been able to settle on a single test to determine when claims are separate or exactly what constitutes a claim. See,
 
 Tolson,
 
 732 F.2d at 1001;
 
 Cates v. Bush,
 
 293 Ala. 535, 307 So.2d 6 (1975). However, authorities have stated that “when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of rule 54] does not apply.” 10 C. Wright, A. Miller, and M. Kane,
 
 Federal Practice and Procedure: Civil
 
 2d, § 2657, at 69-71 (1983);
 
 Landry v. G.B.A.,
 
 762 F.2d 462, 464 (5th Cir.1985).’
 

 “Federal authorities have also recognized that the ‘separate claim’ question is not easily resolved. For example, the Fifth Circuit stated in
 
 Samaad[ v. City of Dallas,
 
 940 F.2d 925, 930 (5th Cir.1991)]:
 

 “ ‘Even if we are able to differentiate nicely between the legal and discretionary aspects of rule 54(b) judgments, a great deal of uncertainty nonetheless remains, for we must consider the unsettled question of what exactly is a “claim for relief.” The most that can be said confidently about this question is that various courts focus upon different things but are reluctant to articulate hard-and-fast tests.
 

 [[Image here]]
 

 “‘Nonetheless, certain points of agreement emerge from the cases. For instance, “[i]t is clear that a claimant who presents a number of alternative legal theories, but whose recovery is limited to only one of them, has only a single claim of relief for purposes of Rule 54(b).”
 
 Page [v. Preisser],
 
 585 F.2d [336] at 339 [ (8th Cir.1978) ] (citing
 
 Edney v. Fidelity & Guar. Life Ins. Co.,
 
 348 F.2d 136, 138 (8th Cir.1965)). Although courts generally agree on these points, they do not fully reveal the contours of the phrase “claim for relief.” And we are reluctant, at least in this case, to rush in where other courts fear to tread. Like them, rather than attempting to formulate a generally applicable definition, we take note of the foregoing “rules of thumb” and decide the case at hand.’
 

 “940 F.2d at 930-32 (footnotes omitted). The Seventh Circuit employed similar reasoning in
 
 Stearns [v. Consolidated Management,. Inc.,
 
 747 F.2d 1105 (7th Cir.1984)]:
 

 “ ‘Unfortunately, there is no clear test to determine when claims are separate for purposes of the rule.
 
 Local P-171 [Amalgamated Meat Cutters v. Thompson Farms Co.],
 
 642 F.2d [1065] at 1070 [ (7th Cir.1981) ]. Nonetheless, we have recognized certain rules of thumb to identify those types of claims that can never be considered separate, and have examined the remainder on a case-by-case basis. The first rule is that “claims cannot be separate unless separate recovery is possible on each.... Hence, mere variations of legal theory do not con
 
 *247
 
 stitute separate claims.” 642 F.2d at 1071....’
 

 “747 F.2d at 1108-09.
 

 “The United States Court of Appeals for the Second Circuit enunciated the following test in
 
 Rieser v. Baltimore & Ohio R.R.,
 
 224 F.2d 198, 199 (2d Cir.1955), that the commentators in
 
 Federal Practice & Procedure
 
 find workable: ‘The ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced.’ The commentators then state:
 

 “ ‘A single claimant presents multiple claims for relief under the Second Circuit’s formulation when the possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action.... However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, the bases for recovery are mutually exclusive, or simply presented in the alternative, and plaintiff has only a single claim for relief for purposes of Rule 54(b). Similarly, when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) does not apply.’
 

 “10 Charles Alan Wright et al.,
 
 Federal Practice & Procedure §
 
 2657 (3d ed.1998) (footnotes omitted).”
 

 Scrushy,
 
 955 So.2d at 996-98 (footnote omitted). See also
 
 Ex parte National Ins. Underwriters,
 
 366 So.2d 687, 689-90 (Ala.1978) (holding that a “‘claim’ refers to a set of facts giving rise to legal rights in the claimant, and not mere legal theories of recovery based upon those facts”).
 

 The complaint alleges several different counts against ITEC and IC, including products liability (count VIII), negligence and/or wanton conduct (count IX), violation of the AEMLD (count X), and breach of warranty (count XI). However, those counts are not separate claims. Instead, Sledge can maintain an action against ITEC and IC only under Ala.Code 1975, § 6-5-410, for wrongful death, which she specifically alleged in count XV of the complaint.
 
 Alabama Power Co. v. White,
 
 377 So.2d 930, 933 (Ala.1979) (“[I]n Alabama there is but one cause of action for wrongful death, i.e., [Ala.] Code 1975, § 6-5-410.”); see also
 
 Carter v. City of Birmingham,
 
 444 So.2d 373, 375 (Ala.1983) (noting that “under Alabama law only a wrongful death action may be maintained, and only punitive damages are recoverable”).
 
 [3]
 
 Counts VIII through XI in this case cannot be maintained by Sledge outside a wrongful-death action under § 6-5-410, Ala.Code 1975; instead, those counts are “ ‘mere variations of legal theory’ ” underlying Sledge’s single wrongful-death claim,
 
 Scrushy,
 
 supra (quoting
 
 Stearns v. Consolidated Mgmt., Inc.,
 
 747 F.2d 1105, 1109 (7th Cir.1984)), and Sledge can recover only one set of damages for all.
 
 Trott v. Brinks, Inc.,
 
 972 So.2d 81, 84 (Ala.2007) (noting that, in a wrongful-death action, “the only recoverable damages are punitive damages”).
 
 [4]
 

 
 *248
 
 The trial court certified as final its judgment in favor of IC and ITEC as to all allegations related to the lack of passenger seat belts on the school bus. Count IX of the complaint makes allegations of negligence and wantonness based on a failure to provide adequate safety and protection measures. Given the plaintiffs’ explanation that the school bus was defective because it lacked seat belts, the trial court’s partial summary judgment appears to have disposed of that count in full. Similarly, count X seeks damages under the AEMLD based on the lack of adequate safety features that, again, would suggest that that count relates solely to the lack of passenger restraints. Thus, those two counts appear to be wholly adjudicated by the trial court’s partial summary judgment.
 

 Two other counts, however, appear to remain pending in part. Specifically, count VIII alleges 11 separate defects in the school bus. Of those, some dealt with alleged defects unrelated to the lack of passenger seat belts.
 
 [5]
 
 Count XI alleges a breach of the implied warranty of suitability and references the dangerous, unsafe, and/or defective condition of the “component parts” of the bus. Those counts — for the most part — allege defects unrelated to the lack of passenger seat belts and survived the trial court’s summary judgment. Thus, portions of Sledge’s original wrongful-death action against ITEC and IC remain pending in the trial court.
 

 Although counts IX and X appear to be wholly adjudicated, Rule 54(b) does
 
 not
 
 authorize the entry of final judgment on parts of a claim — here, Sledge’s wrongful-death claim.
 
 Haynes v. Alfa Fin. Corp.,
 
 730 So.2d 178, 181 (Ala.1999) (“for a
 
 Rule 5k(b)
 
 certification of finality to be effective, it must fully adjudicate at least
 
 one
 
 claim or fully dispose
 
 of the
 
 claims as they relate to at least one party”);
 
 Precision American Corp. v. Leasing Serv. Corp.,
 
 505 So.2d 380, 381 (Ala.1987) (“Rule 54(b) does not authorize the entry of final judgment on part of a single claim.” (citing
 
 Tolson v. United States,
 
 732 F.2d 998, 999 (D.C.Cir.1984))). Because the trial court’s partial summary judgment did not “direct the entry of a final judgment as to one or more but fewer than all of the claims or parties,” i.e., because it did not enter a judgment on Sledge’s wrongful-death claim, certification is not available under Rule 54(b); this appeal is thus from a nonfinal judgment and is due to be dismissed.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . The relationship between IC and ITEC is unclear from the record. At times, they are referred to collectively under a single name.
 

 [2]
 

 . It appears that only Sledge appeals from the trial court’s judgment.
 

 [3]
 

 . Under § 6-5-410, "[a] personal representative may commence
 
 an action
 
 ... for the wrongful act, omission, or negligence” that caused the decedent’s death, provided that the decedent "could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.” (Emphasis added.)
 

 [4]
 

 . We see nothing in the arguments before us indicating that Sledge is also seeking damages of the nature found in
 
 Benefield v. Aquaslide
 
 
 *248
 

 'N' Dive Corp.,
 
 406 So.2d 873 (Ala.1981) (in which the plaintiff sought compensatory damages for breach of warranty to recover for the pain and medical expenses suffered by the decedent between the date of his injury and his death).
 

 [5]
 

 . That particular count included allegations related to "inadequate or insufficient materials for its reasonable foreseeable use and wear"; failure to provide "adequate instructions and warnings for safe use and of the hazards associated with the design under reasonably foreseeable uses, loads, and stresses”; “failing to adequately and properly undertake and carry out tests and research concerning the use of passive restraint systems"; and "[djesigning, manufacturing, distributing, marketing and selling a commercial school bus and parts that were inadequate to manage the energy forces present in a high impact collision.”